EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>COSTCO WHOLESALE CORPORATION and DOES 1 to 30, inclusive<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br><br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br>ALICIA AVILA | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br>E-FILED<br>8/25/2021 4:43 PM<br>Clerk of Court<br>Superior Court of CA,<br>County of Santa Clara<br>21CV388522<br>Reviewed By: J. Ngo<br>Envelope: 7139123 |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association.**NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California(www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,(www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | **CASE NUMBER**<br>*(Número del Caso):* 21CV388522 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 NORTH FIRST STREET
SAN JOSE, CALIFORNIA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BENJAMIN D. SWANSON, ESQ. SBN: 266629 THE SWANSON LAW GROUP
31824 VILLAGE CENTER ROAD, G-UNIT (818) 852-7300
WESTLAKE VILLAGE, CA 91361

| DATE:<br>*(Fecha)* | 8/25/2021 4:43 PM | Clerk of Court | Clerk, by<br>*(Secretario)* | J. Ngo | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* COSTCO WHOLESALE CORPORATION
   under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☒ by personal delivery on *(date):*

Page 1 of 1

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

CEB | Essential Forms
ceb.com | Forms

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

BENJAMIN D. SWANSON, ESQ. SBN: 266629
THE SWANSON LAW GROUP
31824 VILLAGE CENTER ROAD, G-UNIT
WESTLAKE VILLAGE, CA 91361
TELEPHONE NO.: (818) 852-7300     FAX NO.*(Optional):* (818) 852-7298
E-MAIL ADDRESS *(Optional):*     ben@theswansonlawgroup.com
ATTORNEY FOR *(Name):*  PLAINTIFF

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SAN JOSE, CALIFORNIA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

PLAINTIFF: ALICIA AVILA

DEFENDANT: COSTCO WHOLESALE CORPORATION, and

[X] DOES 1 TO 30

**E-FILED
8/25/2021 4:43 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV388522
Reviewed By: J. Ngo**

**COMPLAINT-Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number):*

**Type** *(check all that apply):*
[ ] MOTOR VEHICLE   [X] OTHER *(specify):*   PREMISES LIABILITY
  [ ] Property Damage   [ ] Wrongful Death
  [X] Personal Injury   [X] Other Damages *(specify):*
     GENERAL NEGLIGENCE

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded   [ ] does not exceed $10,000
      [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

CASE NUMBER:

21CV388522

---

1. **Plaintiff** *(name or names):* ALICIA AVILA

  alleges causes of action against **defendant** *(name or names):* COSTCO WHOLESALE CORPORATION and
  DOES 1 to 30, inclusive

2. This pleading, including attachments and exhibits, consists of the following number of pages:

3. Each plaintiff named above is a competent adult
  a. [ ] **except plaintiff** *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor   [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

  b. [ ] **except plaintiff** *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor   [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]
CEB® Essential Forms
ceb.com

**COMPLAINT-Personal Injury, Property
Damage, Wrongful Death**

AVILA, ALICIA

Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AVILA v COSTCO WHOLESALE CORPORATION | |

4. ☐ Plaintiff *(name):*

   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):*
      COSTCO WHOLESALE CORPORATION
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-15 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 16-30 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

PLD-PI-001 [Rev. January 1, 2007]

CEB® Essential
ceb.com ☐ Forms®

COMPLAINT-Personal Injury, Property
Damage, Wrongful Death

AVILA, ALICIA

Page 2 of 3

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AVILA v COSTCO WHOLESALE CORPORATION | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)* :

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)* :
      PRE-JUDGMENT INTEREST ACCORDING TO PROOF

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
      PREM.L-1, PREM.L-2, PREM.L-5 and GN-1.

Date: August 25, 2021

Benjamin D. Swanson, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT-Personal Injury, Property Damage, Wrongful Death**

CEB Essential
ceb.com Forms

AVILA, ALICIA

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AVILA v COSTCO WHOLESALE CORPORATION | |

_____FIRST_____  **CAUSE OF ACTION** - Premises Liability          Page _4_
(number) ..

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name)*: ALICIA AVILA
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: September 29, 2019    plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury)*:
At all times herein, Plaintiff was a business invitee at
Costco Wholesale located at 7251 Camino Arroyo, Gilroy, CA
95020. While Plaintiff was at said premises she slipped on
water that was allowed to accumulate on the bathroom floor.
Plaintiff suffered serious injuries as a result of
Defendant's failure to utilize reasonable care in the
maintenance of their premises.

Prem.L-2.   [X]  **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated
the described premises were *(names)*:
COSTCO WHOLESALE CORPORATION and

[X] Does ___1___ to ___30___

Prem.L-3.   [ ]  **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or
maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names)*:

[ ] Does _____ to _____
Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.   [ ]  **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on
which a dangerous condition existed were *(names)*:

[ ] Does _____ to _____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X]  **Allegations about Other Defendants** The defendants who were the agents and employees of the other
defendants and acted within the scope of the agency were *(names)*:
COSTCO WHOLESALE CORPORATION and

[X] Does 1 to 30
b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [X] as follows *(names)*:
TO BE DETERMINED THROUGH DISCOVERY

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]   CEB® | Essential Forms   ceb.com
**CAUSE OF ACTION** - Premises Liability          Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

AVILA, ALICIA

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AVILA v COSTCO WHOLESALE CORPORATION | |

SECOND      **CAUSE OF ACTION**- General Negligence    Page 5
(number)
ATTACHMENT TO ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*: ALICIA AVILA

alleges that defendant *(name)*: COSTCO WHOLESALE CORPORATION and

☒ Does    1    to 30

was the legal (proximate) cause of damages to plaintiff. By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*: September 29, 2019
at *(place)*: 7251 Camino Arroyo, Gilroy, CA 95020

*(description of reasons for liability)* :
Plaintiff refers to and incorporates herein by reference each
and every paragraph of her First Cause of Action with the same
force and effect as though more fully set forth herein.

Page 1 of 1

CEB | Essential Forms
ceb.com

**CAUSE OF ACTION**- General Negligence

Code of Civil Procedure 425.12
*www.courtinfo.ca.gov*

AVILA, ALICIA

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td>

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

E-FILED
8/25/2021 4:43 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV388522
Reviewed By: J. Ngo
Envelope: 7139123
</td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
COSTCO WHOLESALE CORPORATION and DOES 1 to 30, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**

*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ALICIA AVILA

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org),* the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp),* or by contacting your local court or county bar association.**NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California(www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California,(www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* | **CASE NUMBER** *(Número del Caso):* 21CV388522 |
|---|---|

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
191 NORTH FIRST STREET
SAN JOSE, CALIFORNIA 95113

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
BENJAMIN D. SWANSON, ESQ. SBN: 266629 THE SWANSON LAW GROUP
31824 VILLAGE CENTER ROAD, G-UNIT (818) 852-7300
WESTLAKE VILLAGE, CA 91361

| DATE: *(Fecha)* 8/25/2021 4:43 PM | Clerk of Court | Clerk, by *(Secretario)* J. Ngo | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* **COSTCO WHOLESALE CORPORATION**

under: ☒ CCP 416.10 (corporation) | ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation) | ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) | ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☒ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]
CEB | Essential Forms
ceb.com
**SUMMONS**
Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

AVILA, ALICIA

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| BENJAMIN D. SWANSON, ESQ. SBN: 266629<br>THE SWANSON LAW GROUP<br>31824 VILLAGE CENTER ROAD, G-UNIT<br>WESTLAKE VILLAGE, CA 91361<br>TELEPHONE NO.: (818) 852-7300   FAX NO.: (818) 852-7298<br>ATTORNEY FOR *(Name):* PLAINTIFF | Electronically Filed<br>by Superior Court of CA,<br>County of Santa Clara,<br>on 8/25/2021 4:43 PM<br>Reviewed By: J. Ngo<br>Case #21CV388522<br>Envelope: 7139123 |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SAN JOSE, CALIFORNIA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

CASE NAME: AVILA v COSTCO WHOLESALE CORPORATION

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: 21CV388522 |
|---|---|---|
| [X] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br>DEPT: |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[X] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [X] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. [ ] Large number of separately represented parties
  b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. [ ] Substantial amount of documentary evidence
  d. [ ] Large number of witnesses
  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. [ ] Substantial postjudgment judicial supervision
3. Remedies sought *(check all that apply):* a. [ ] monetary b. [X] nonmonetary; declaratory or injunctive relief c. [ ] punitive
4. Number of causes of action *(specify):*
5. This case [ ] is  [X] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: August 25, 2021

Benjamin D. Swanson, Esq.
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]
**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

AVILA, ALICIA

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one box** for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the .**primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel)
    (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach-Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case-Seller Plaintiff
    Other Promissory Note/Collections
      Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ-Administrative Mandamus
    Writ-Mandamus on Limited Court
      Case Matter
    Writ-Other Limited Court Case
      Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal-Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400-3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief from Late
      Claim
    Other Civil Petition

AVILA, ALICIA

PLD-PI-001

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| BENJAMIN D. SWANSON, ESQ. SBN: 266629<br>THE SWANSON LAW GROUP<br>31824 VILLAGE CENTER ROAD, G-UNIT<br>WESTLAKE VILLAGE, CA 91361<br>TELEPHONE NO.: (818) 852-7300   FAX NO. *(Optional):* (818) 852-7298<br>E-MAIL ADDRESS *(Optional):*   ben@theswansonlawgroup.com<br>ATTORNEY FOR *(Name):*  PLAINTIFF | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**  SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SAN JOSE, CALIFORNIA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

E-FILED
8/25/2021 4:43 PM
Clerk of Court
Superior Court of CA,
County of Santa Clara
21CV388522
Reviewed By: J. Ngo

PLAINTIFF: ALICIA AVILA

DEFENDANT: COSTCO WHOLESALE CORPORATION, and

[X] DOES 1 TO 30

**COMPLAINT-Personal Injury, Property Damage, Wrongful Death**
[ ] AMENDED *(Number):*
**Type** *(check all that apply):*
[ ] MOTOR VEHICLE   [X] OTHER *(specify):*   PREMISES LIABILITY
　[ ] Property Damage   [ ] Wrongful Death
　[X] Personal Injury   [X] Other Damages *(specify):*
　　　　　　　　　　　　　GENERAL NEGLIGENCE

**Jurisdiction** *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
　Amount demanded [ ] does not exceed $10,000
　　　　　　　　　 [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
　[ ] from limited to unlimited
　[ ] from unlimited to limited

CASE NUMBER:

21CV388522

1. **Plaintiff** *(name or names):* ALICIA AVILA

   alleges causes of action against **defendant** *(name or names):* COSTCO WHOLESALE CORPORATION and DOES 1 to 30, inclusive
2. This pleading, including attachments and exhibits, consists of the following number of pages:
3. Each plaintiff named above is a competent adult
   a. [ ] **except** plaintiff *(name):*
   　(1) [ ] a corporation qualified to do business in California
   　(2) [ ] an unincorporated entity *(describe):*
   　(3) [ ] a public entity *(describe):*
   　(4) [ ] a minor　[ ] an adult
   　　　(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
   　　　(b) [ ] other *(specify):*
   　(5) [ ] other *(specify):*

   b. [ ] **except** plaintiff *(name):*
   　(1) [ ] a corporation qualified to do business in California
   　(2) [ ] an unincorporated entity *(describe):*
   　(3) [ ] a public entity *(describe):*
   　(4) [ ] a minor　[ ] an adult
   　　　(a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
   　　　(b) [ ] other *(specify):*
   　(5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Page 1 of 3

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001 [Rev. January 1, 2007]   CEB® Essential Forms   ceb.com
**COMPLAINT-Personal Injury, Property
Damage, Wrongful Death**
AVILA, ALICIA
Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AVILA v COSTCO WHOLESALE CORPORATION | |

4. ☐ Plaintiff *(name):*
   is doing business under the fictitious name *(specify):*

   and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ **except** defendant *(name):*
      COSTCO WHOLESALE CORPORATION
      (1) ☐ a business organization, form unknown
      (2) ☒ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   c. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   b. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   d. ☐ **except** defendant *(name):*
      (1) ☐ a business organization, form unknown
      (2) ☐ a corporation
      (3) ☐ an unincorporated entity *(describe):*

      (4) ☐ a public entity *(describe):*

      (5) ☐ other *(specify):*

   ☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1-15_____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 16-30_____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined under Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☐ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☒ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, **and**
   a. ☐ has complied with applicable claims statutes, **or**
   b. ☐ is excused from complying because *(specify):*

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

CEB® Essential
ceb.com ▤Forms®

AVILA, ALICIA

PLD-PI-001

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AVILA v COSTCO WHOLESALE CORPORATION | |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached):*
   a. ☐ Motor Vehicle
   b. ☒ General Negligence
   c. ☐ Intentional Tort
   d. ☐ Products Liability
   e. ☒ Premises Liability
   f. ☐ Other *(specify)* :

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☐ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☐ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)* :
      PRE-JUDGMENT INTEREST ACCORDING TO PROOF

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. **Plaintiff prays** for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
      The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☒ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*
      PREM.L-1, PREM.L-2, PREM.L-5 and GN-1.

Date: August 25, 2021

Benjamin D. Swanson, Esq.
_____
(TYPE OR PRINT NAME)                                     (SIGNATURE OF PLAINTIFF OR ATTORNEY)

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

CEB® | Essential
ceb.com | Forms®

AVILA, ALICIA

PLD-PI-001(4)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AVILA v COSTCO WHOLESALE CORPORATION | |

___FIRST___    **CAUSE OF ACTION** - Premises Liability    Page __4__
(number) ..

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint
*(Use a separate cause of action form for each cause of action.)*

Prem.L-1. Plaintiff *(name)*: ALICIA AVILA
alleges the acts of defendants were the legal (proximate) cause of damages to plaintiff.
On *(date)*: September 29, 2019    plaintiff was injured on the following premises in the following

fashion *(description of premises and circumstances of injury)*:
At all times herein, Plaintiff was a business invitee at
Costco Wholesale located at 7251 Camino Arroyo, Gilroy, CA
95020. While Plaintiff was at said premises she slipped on
water that was allowed to accumulate on the bathroom floor.
Plaintiff suffered serious injuries as a result of
Defendant's failure to utilize reasonable care in the
maintenance of their premises.

Prem.L-2.  [X]  **Count One-Negligence** The defendants who negligently owned, maintained, managed and operated
the described premises were *(names)*:
COSTCO WHOLESALE CORPORATION and

[X] Does ___1___ to ___30___

Prem.L-3.  [ ]  **Count Two-Willful Failure to Warn** [Civil Code section 846] The defendant owners who willfully or
maliciously failed to guard or warn against a dangerous condition, use, structure, or activity were
*(names)*:

[ ] Does _____ to _____
Plaintiff, a recreational user, was [ ] an invited guest [ ] a paying guest.

Prem.L-4.  [ ]  **Count Three-Dangerous Condition of Public Property** The defendants who owned public property on
which a dangerous condition existed were *(names)*:

[ ] Does _____ to _____
a. [ ] The defendant public entity had [ ] actual [ ] constructive notice of the existence of the
dangerous condition in sufficient time prior to the injury to have corrected it.
b. [ ] The condition was created by employees of the defendant public entity.

Prem.L-5. a. [X] **Allegations about Other Defendants** The defendants who were the agents and employees of the other
defendants and acted within the scope of the agency were *(names)*:
COSTCO WHOLESALE CORPORATION and

[X] Does 1 ___ to 30 ___
b. [X] The defendants who are liable to plaintiffs for other reasons and the reasons for their liability are
[ ] described in attachment Prem.L-5.b [X] as follows *(names)*:
TO BE DETERMINED THROUGH DISCOVERY

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(4) [Rev. January 1, 2007]    CEB | Essential Forms    **CAUSE OF ACTION** - Premises Liability    Code of Civil Procedure, § 425.12
www.courtinfo.ca.gov

ceb.com

AVILA, ALICIA

PLD-PI-001(2)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| AVILA v COSTCO WHOLESALE CORPORATION | |

SECOND      **CAUSE OF ACTION**- General Negligence      Page 5
(number)
ATTACHMENT TO ☒ Complaint      ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

GN-1. Plaintiff *(name)*:  ALICIA AVILA

alleges that defendant *(name)*:  COSTCO WHOLESALE CORPORATION and

☒ Does      1      to 30

was the legal (proximate) cause of damages to plaintiff.  By the following acts or omissions to act, defendant negligently caused the damage to plaintiff
on *(date)*:  September 29, 2019
at *(place)*:  7251 Camino Arroyo, Gilroy, CA 95020

*(description of reasons for liability)* :
Plaintiff refers to and incorporates herein by reference each
and every paragraph of her First Cause of Action with the same
force and effect as though more fully set forth herein.

Page 1 of 1

Form Approved for Optional Use
Judicial Council of California
PLD-PI-001(2) [Rev. January 1, 2007]      **CAUSE OF ACTION**- General Negligence      Code of Civil Procedure 425.12
www.courtinfo.ca.gov

CEB | **Essential**
ceb.com | 閏**Forms**

AVILA, ALICIA

**ATTACHMENT CV-5012** J. Ngo

# CIVIL LAWSUIT NOTICE

**Superior Court of California, County of Santa Clara**
**191 North First St., San José, CA  95113**

CASE NUMBER: _____ 21CV388522 _____

## PLEASE READ THIS ENTIRE FORM

*PLAINTIFF* (the person suing):  Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued):  **You must do each of the following to protect your rights:**

1. You must file a **written response** to the *Complaint, using the proper legal form or format,* in the Clerk's Office of the Court, within **30 days** of the date you were served with the *Summons* and *Complaint;*
2. You must serve by mail  a copy of your written response on the  Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

   **Warning:  If you, as the Defendant, do not follow these instructions, you may automatically lose this case.**

---

*RULES AND FORMS:*   You must follow the California Rules of Court and the Superior Court of California, County of <_CountyName_> Local Civil Rules and use proper forms.  You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 201 North First Street, San José (408-882-2900 x-2926).

- State Rules and Judicial Council Forms:  www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms:  http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):*   You must meet with the other parties and discuss the case, in person or by telephone at least 30 calendar days before the CMC.  You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

*You or your attorney must appear at the CMC.  You may ask to appear by telephone – see Local Civil Rule 8.*

| | |
|---|---|
| **Your Case Management Judge is:** _____ Manoukian, Socrates P _____ | **Department:**_____ |
| **The 1st CMC is scheduled for:** (Completed by Clerk of Court) | |
| Date: _01/18/22☐_   Time:3:00pm_____ | in **Department:**___20___ |
| **The next CMC is scheduled for:** (Completed by party if the 1st CMC was continued or has passed) | |
| Date: _____   Time: _____ | in **Department:**_____ |

*ALTERNATIVE DISPUTE RESOLUTION (ADR):*   If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference.  Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

# SANTA CLARA COUNTY SUPERIOR COURT
# ALTERNATIVE DISPUTE RESOLUTION
# INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### *What is ADR?*
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### *What are the advantages of choosing ADR instead of litigation?*
ADR can have a number of advantages over litigation:

- **ADR can save time.** A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.

- **ADR can save money.** Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.

- **ADR provides more participation.** Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.

- **ADR provides more control and flexibility.** Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.

- **ADR can reduce stress.** ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### *What are the main forms of ADR offered by the Court?*
**Mediation** is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

**Neutral evaluation**, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

*-over-*

**Arbitration** is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

**Civil Judge ADR** allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would he helpful to the settlement process

**Special masters and referees** are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

**Settlement conferences** are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

*What kind of disputes can be resolved by ADR?*
Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

*Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?*

*Contact:*

| | |
|---|---|
| Santa Clara County Superior Court | Santa Clara County DRPA Coordinator |
| ADR Administrator | 408-792-2784 |
| 408-882-2530 | |

CM-110
R. Fleming

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Arthur J. Casey (SBN: 123273)<br>FORD, WALKER, HAGGERTY & BEHAR, LLP<br>16450 Los Gatos Blvd., Suite 110, Los Gatos, CA 95032<br>TELEPHONE NO.: 408-660-3102   FAX NO. *(Optional)*: 408-660-3105<br>E-MAIL ADDRESS *(Optional):* acasey@fwhb.com<br>ATTORNEY FOR *(Name):* Defendant, COSTCO WHOLESALE CORPORATION | **Electronically Filed**<br>**by Superior Court of CA,**<br>**County of Santa Clara,**<br>**on 12/29/2021 10:34 AM**<br>**Reviewed By: R. Fleming**<br>**Case #21CV388522**<br>**Envelope: 7949338** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA
STREET ADDRESS: 191 North First Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Jose, CA 95113
BRANCH NAME:

PLAINTIFF/PETITIONER: ALICIA AVILA

DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| *(Check one):*  [✓] **UNLIMITED CASE**  (Amount demanded exceeds $25,000)   [ ] **LIMITED CASE**  (Amount demanded is $25,000 or less) | 21CV388522 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: JANUARY 18, 2022     Time: 3:00 P.M.     Dept.: 20     Div.:     Room:

Address of court *(if different from the address above):*

[✓] Notice of Intent to Appear by Telephone, by *(name):* Arthur J. Casey

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. [✓] This statement is submitted by party *(name):* Defendant, COSTCO WHOLESALE CORPORATION
   b. [ ] This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):*
   b. [ ] The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. [ ] All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served *(specify names and explain why not):*
      (2) [ ] have been served but have not appeared and have not been dismissed *(specify names):*
      (3) [ ] have had a default entered against them *(specify names):*
   c. [ ] The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in  [✓] complaint   [ ] cross-complaint   *(Describe, including causes of action):*
      Personal Injury/Premises liability.

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: ALICIA AVILA | CASE NUMBER: |
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | 21CV388522 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Slip and fall incident occurred on 9/29/19, at the Costco Wholesale, located at 7251 Camino Arroyo, Gilroy, CA 95020

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☑ a jury trial ☐ a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. ☐ The trial has been set for *(date):*
b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
(2022): 3/23-3/27,3/28-4/1,4/11-4/15,4/12-4/15, 4/25-4/29, 5/9-5/13,5/13- 5/21,5/16-5/20,6/6-6/11, 6/13-6/17,6/20-6/27,7/8-7/13,7/25-8/5,8/1-8/5,8/12-8/19,9/14-9/2310/11-10/14,11/7-11/11. (2023) 1/30-2/3

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. ☑ days *(specify number):* 3-5
b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel ☐ has ☑ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: ALICIA AVILA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | 21CV388522 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER:   ALICIA AVILA | CASE NUMBER: |
| DEFENDANT/RESPONDENT:   COSTCO WHOLESALE CORPORATION | 21CV388522 |

**11. Insurance**

a. ☑ Insurance carrier, if any, for party filing this statement *(name):* Self-Insured

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy   ☐ Other *(specify):*

Status:

**13. Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

    ☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**

☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

Standard motions in limine at time of trial.

**16. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | Deposition of Plaintiff | Pending Discovery |
| | Plaintiff's Subpoenaed Records | Pending Discovery |
| | Expert discovery | Pursuant to code |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | ALICIA AVILA | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | COSTCO WHOLESALE CORPORATION | 21CV388522 |

**17. Economic litigation**

    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

    a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

    b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20.** Total number of pages attached *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: December 29, 2021

Arthur J. Casey
_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

► _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

1

2

**PROOF OF SERVICE**
*Alicia Avila vs. Costco Wholesale Corporation*
Santa Clara County Case No.: 21CV388522

3

4

I, **MARIELA NERY**, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action.  I am

5

employed by Ford, Walker, Haggerty & Behar, LLP.  I am readily familiar with the firm's practice for

6

collection and processing of documents for delivery by way of the service indicated below.

7

On **DECEMBER 29, 2021**, I served the following document(s):

8

**CASE MANAGEMENT STATEMENT DATED 12/29/21**

9

on the interested party(ies) in this action as follows:

10

☒ **BY E-MAIL:** By agreement of the parties to accept service by electronic transmission, I caused

11

the document(s) to be sent from email address mnery@fwhb.com to the persons at the electronic
notification addresses shown below.

12

Benjamin D. Swanson, Esq.                    Attorney for Plaintiff

13

The Swanson Law Firm                          ALICIA AVILA
31824 Village Center Road, G-Unit

14

Westlake Village, CA 91361
Email: ben@theswansonlawgroup.com

15

16

I declare under penalty of perjury under the laws of the State of California that the foregoing is

17

true and correct.

18

Executed on **DECEMBER 29, 2021**, at Los Gatos, California.

19

20

*Mariela Nery*

21

MARIELA NERY

22

23

24

25

26

27

28

**PROOF OF SERVICE**

21CV388522
Santa Clara – Civil

Desiree Alfaro

1  ARTHUR J. CASEY, ESQ. [SBN 123273]
   FORD, WALKER, HAGGARTY & BEHAR
2  16450 Los Gatos Blvd., Suite 110
   Los Gatos, CA 95032
3  Tel:   (408) 660-3102
   Fax:   (408) 660-3105
4  Email: cmccarthy@caseylawsj.com
          dgagliardi@caseylawsj.com
5
   Attorney for Defendants
6  COSTCO WHOLESALE CORPORATION

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/24/2021 9:12 AM
Reviewed By: Desiree Alfaro
Case #21CV388522
Envelope: 7731947**

7
8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                      COUNTY OF SANTA CLARA

10
   ALICIA AVILA,                          Case No. 21CV388522
11
                  Plaintiffs,             **REQUEST FOR JURY TRIAL AND
12                                         NOTICE OF JURY FEES DEPOSIT**
          vs.
13
   COSTCO WHOLESALE CORPORATION,
14 and DOES 1 30,

15                Defendant.

16

17 TO THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA, AND TO

18 PLAINTIFF AND HER ATTORNEYS OF RECORD:

19         Defendant COSTCO WHOLESALE CORPORATION, hereby requests a jury trial in this

20 matter and deposits jury fees in the amount of $150.00.

21 Dated: November 24, 2021                 FORD, WALKER, HEGGARTY & BEHAR,
                                            LLP
22

23

24                                         By: _____
                                              ARTHUR J. CASEY
25                                            Attorney for Defendant
                                              COSTCO WHOLESALE
26                                               CORPORATION

27

28

                                        1

**PROOF OF SERVICE**
*Alicia Avila vs. Costco Wholesale Corporation*
Santa Clara County Case No.: 21CV388522

I, **Yolanda Singletary**, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action. I am employed WITH Ford, Walker, Haggerty & Behar, LLP. I am readily familiar with Casey Law Group's practice for collection and processing of documents for delivery by way of the service indicated below.

On **NOVEMBER, 24 2021**, I served the following document:

**REQUEST FOR JURY TRIAL AND NOTICE OF JURY FEES DEPOSIT**

on the interested party(ies) in this action as follows:

☒ **BY E-MAIL:** By agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent from email address ysingletary@fwhb.com to the persons at the electronic notification addresses shown below.

☒ **BY MAIL.** By placing said document in an envelope or package for collection and mailing, addressed to the person at the address listed above, following our ordinary business practices. I am readily familiar with the firm's practice for collection and processing of mail. Under that practice, on the same day that mail is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

| | |
|---|---|
| Benjamin D. Swanson, Esq. | Attorney for Plaintiff |
| The Swanson Law Firm | ALICIA AVILA |
| 31824 Village Center Road, G-Unit | |
| Westlake Village, CA 91361 | |
| Email: ben@theswansonlawgroup.com | |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **November 24, 2021, 2020**, at Los Gatos, California.


*Yolanda Singletary*
Yolanda Singletary

1  ARTHUR J. CASEY [SBN 123273]
   FORD, WALKER, HAGGERTY & BEHAR, LLP
2  16450 Los Gatos Blvd., Suite 110
   Los Gatos, CA 95032
3  Tel:    (408) 660-3102
   Fax:    (408) 660-3105
4  Email: acasey@fwhb.com

5  Attorneys for Defendant
   COSTCO WHOLESALE CORPORATION

6

**Electronically Filed
by Superior Court of CA,
County of Santa Clara,
on 11/24/2021 9:12 AM
Reviewed By: Desiree Alfaro
Case #21CV388522
Envelope: 7731947**

7            SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                      COUNTY OF SANTA CLARA

9

10  ALICIA AVILA,                          Case No. 21CV388522

11                 Plaintiff,              **ANSWER TO COMPLAINT**

12          vs.

13  COSTCO WHOLESALE CORPORATION,
14  and DOES 1-30,

15

16                 Defendant.

17          COMES NOW Defendant, COSTCO WHOLESALE CORPORATION ("Defendant"), and in

18  answer to the Complaint of Plaintiff ALICIA AVILA ("Plaintiff") on file herein, admits, denies, and

19  alleges as follows:

20                                          **I.**

21          Answering all causes of action pled by the above-named plaintiff, this answering defendant,

22  pursuant to Code of Civil Procedure § 431.30, denies, both generally and specifically, every material

23  allegation, including the damage allegations, in every cause of action alleged.

24                          **<u>AFFIRMATIVE DEFENSES</u>**

25          AS A SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file herein, this

26  answering defendant believes and thereon alleges that plaintiff was careless and negligent in and about

27  the matters complained of and that such carelessness and negligence contributed to the happening of

28  the incident complained of, and the damages, if any, sustained thereby.

---

                                        1
ANSWER TO COMPLAINT                                         Case No. 21CV388522

1    AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

2 herein, this answering defendant is informed and believes and based thereon alleges that plaintiff, with

3 full appreciation of the particular risks involved, nevertheless knowingly and voluntarily assumed the

4 risks and hazards of the incident complained of, and the damages, if any, resulting therefrom.

5    AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

6 herein, this answering defendant alleges that the Complaint fails to state facts sufficient to constitute a

7 cause of action against this answering defendant.

8    AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

9 herein, this answering defendant is informed and believes and based thereon alleges that plaintiff's

10 causes of action are barred by reason of plaintiff's failure to mitigate damages, if any.

11    AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

12 herein, this answering defendant asserts that plaintiff's injuries were caused or contributed to by third

13 parties in a percentage to be determined at trial and that plaintiff's recovery of noneconomic damages

14 shall be reduced in proportion to such third parties' percentage of fault.  Civil Code § 1431.2.

15    AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

16 herein, this answering defendant alleges that said Complaint does not state facts sufficient to constitute

17 a cause of action in that said Complaint is barred by the Statute of Limitations; to wit, by the

18 provisions of the Code of Civil Procedure, § 335, et seq.

19    AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

20 herein, this answering defendant is informed and believes and thereon alleges that the plaintiff's

21 employer was negligent and careless and that this carelessness and negligence on the part of the

22 plaintiff's employer proximately caused or contributed to the damages, if any, sustained by the

23 plaintiff, and that by reason thereof, this answering defendant is entitled to a reduction in any verdict

24 which may be rendered against this defendant in the amount of any benefits paid or payable to the

25 plaintiff on behalf of the plaintiff's employer.

26    AS A FURTHER, SEPARATE AND AFFIRMATIVE DEFENSE to the Complaint on file

27 herein, this answering defendant alleges that if plaintiff was, in fact, acting within the course and

28

ANSWER TO COMPLAINT                                                    Case No. 21CV388522

1  scope of employment, plaintiff's exclusive remedy is before the Workers' Compensation Appeals

2  Board, this court having no jurisdiction to determine this matter.

3      WHEREFORE, this answering defendant prays that plaintiff take nothing by reason of the

4  Complaint on file herein, that this answering defendant be awarded costs of suit herein incurred, and

5  for such other, further, and different relief as may be deemed appropriate by the Court.

6  Dated:  November 24, 2021              FORD, WALKER, HAGGERTY & BEHAR, LLP

7

8                                        By: _____

9                                        ARTHUR J. CASEY
                                         Attorney for Defendant
10                                       COSTCO WHOLESALE CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER TO COMPLAINT                                          Case No. 21CV388522

**PROOF OF SERVICE**
*Alicia Avila vs. Costco Wholesale Corporation*
Santa Clara County Case No.: 21CV388522

I, Yolanda Singletary, declare:

I am over the age of eighteen (18) years and not a party to the within entitled action.  I am employed Ford, Walker, Haggerty & Behar, LLP.  I am readily familiar with the firm's practice for collection and processing of documents for delivery by way of the service indicated below.

On **NOVEMBER 24, 2021**, I served the following document(s):

**ANSWER TO COMPLAINT**

on the interested parties in this action as follows:

☒ **BY E-MAIL:** By agreement of the parties to accept service by electronic transmission, I caused the document(s) to be sent from email address ysingletary@fwhb.com to the persons at the electronic notification addresses shown below.

☒ **BY MAIL.**  By placing said document in an envelope or package for collection and mailing, addressed to the person at the address listed above, following our ordinary business practices.  I am readily familiar with the firm's practice for collection and processing of mail.  Under that practice, on the same day that mail is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service, in a sealed envelope or package with the postage fully prepaid.

Benjamin D. Swanson, Esq.                  Attorney for Plaintiff
The Swanson Law Firm                         ALICIA AVILA
31824 Village Center Road, G-Unit
Westlake Village, CA 91361
Email: ben@theswansonlawgroup.com

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on **NOVEMBER 24, 2021**, at Los Gatos, California.

*Yolanda Singletary*
Yolanda Singletary

4

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* SBN: 266629 | FOR COURT USE ONLY |
|---|---|

BENJAMIN D, SWANSON, ESQ.
THE SWANSON LAW GROUP
31824 VILLAGE CENTER ROAD, G-UNIT, WESTALKE VILLAGE, CA 91361

TELEPHONE NO.: 818-852-7300          FAX NO. *(Optional)*: 818-852-7298
E-MAIL ADDRESS *(Optional)*: ben@theswansonlawgroup.com
ATTORNEY FOR *(Name)*: Plaintiff ALICIA AVILA

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SANTA CLARA
STREET ADDRESS: 191 NORTH FIRST STREET
MAILING ADDRESS: SAME AS ABOVE
CITY AND ZIP CODE: SAN JOSE, CALIFORNIA 95113
BRANCH NAME: DOWNTOWN SUPERIOR COURT

PLAINTIFF/PETITIONER: ALICIA  AVILA

DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 21CV388522 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:  January 18, 2022          Time: 3:00PM          Dept.: 20          Div.:          Room:

Address of court *(if different from the address above)*:

☑ Notice of Intent to Appear by Telephone,  by *(name)*:  Benjamin D. Swanson, Esq.

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑   This statement is submitted by party *(name)*:  Plaintiff ALICIA AVILA
   b. ☐   This statement is submitted **jointly** by parties *(names)*:


2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date)*:  08/25/21
   b. ☐   The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
       (1) ☐   have not been served *(specify names and explain why not)*:

       (2) ☐   have been served but have not appeared and have not been dismissed *(specify names)*:

       (3) ☐   have had a default entered against them *(specify names)*:

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served)*:


4. **Description of case**
   a.   Type of case in  ☑ complaint          ☐ cross-complaint          *(Describe, including causes of action)*:
       Personal Injury

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]          **CASE MANAGEMENT STATEMENT**          Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: ALICIA AVILA | 21CV388522 |
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

On 09/29/19, Plaintiff was in a bathroom stall in Defendant's store when she slipped and fell due to water that was on the floor. As a proximate result of Defendant's negligence, Plaintiff sustained injuries for which she sought medical treatment. Plaintiff's past medicals total over $98,000.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐   The trial has been set for *(date):*
b.  ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
See attached list.

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☑   days *(specify number):* 3-5
b.  ☐   hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                     f.   Fax number:
e.   E-mail address:                                          g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.  **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**
a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1)  For parties represented by counsel: Counsel ☑ has ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2)  For self-represented parties: Party ☐ has ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.  **Referral to judicial arbitration or civil action mediation** (if available).
(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

CM-110

| PLAINTIFF/PETITIONER: ALICIA AVILA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | 21CV388522 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in (check all that apply and provide the specified information):

| | The party or parties completing this form **are willing** to participate in the following ADR processes (check all that apply): | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes (attach a copy of the parties' ADR stipulation): |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for (date):<br>☐ Agreed to complete mediation by (date):<br>☐ Mediation completed on (date): |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for (date):<br>☐ Agreed to complete settlement conference by (date):<br>☐ Settlement conference completed on (date): |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for (date):<br>☐ Agreed to complete neutral evaluation by (date):<br>☐ Neutral evaluation completed on (date): |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for (date):<br>☐ Agreed to complete judicial arbitration by (date):<br>☐ Judicial arbitration completed on (date): |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for (date):<br>☐ Agreed to complete private arbitration by (date):<br>☐ Private arbitration completed on (date): |
| (6) Other (specify): | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for (date):<br>☐ Agreed to complete ADR session by (date):<br>☐ ADR completed on (date): |

CM-110

| PLAINTIFF/PETITIONER: ALICIA AVILA | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: COSTCO WHOLESALE CORPORATION | 21CV388522 |

**11. Insurance**
  a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
  b. Reservation of rights: ☐ Yes ☐ No
  c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
  ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
  a. ☐ There are companion, underlying, or related cases.
    (1) Name of case:
    (2) Name of court:
    (3) Case number:
    (4) Status:
    ☐ Additional cases are described in Attachment 13a.
  b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
  ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
  ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
  a. ☐ The party or parties have completed all discovery.
  b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Written Discovery | January 2022 |
| Plaintiff | Party Depositions | February 2022 |
| Plaintiff | Expert Witness Depositions | Per Code |
| Plaintiff | Expert Witness Discovery | Per Code |

  c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | ALICIA  AVILA | 21CV388522 |
| DEFENDANT/RESPONDENT: | COSTCO WHOLESALE CORPORATION | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*  ___1___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  December 29, 2021

| | |
|---|---|
| Benjamin D. Swanson, Esq. | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| | |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached.

## **TRIALS**

### **2022**

1/20/22 – Contreras v. Shippers Transport – Los Angeles;

2/4/22 – Monroy v. Diaz – Los Angeles;

2/7/22 – Diaz v. Uber – San Francisco;

2/7/22 – Rodriguez v. Wonolo – San Francisco;

2/25/22 – Luft v. SDG&E – San Diego;

3/7/22 – Ochoa v. CMAW – Los Angeles;

3/11/22 – Ramos v. AC Transit – Alameda;

3/21/22 – Gomez v. Saalfeld – Los Angeles;

3/28/22 – Hernandez v. Cardoza – Santa Clara;

4/1/22 – Martinez v. Basaly – Los Angeles;

5/23/22 – Cortez v. Betanio – Alameda;

5/23/22 – Arreola v. Escobedo – Los Angeles;

5/23/22 – Gonzalez v. Rockwell – Contra Costa;

6/15/22 – Cortez v. Bernardo – Los Angeles;

7/11/22 – Malek v. Wong – San Francisco;

7/19/22 – Angulo v. Granados – Stanislaus;

7/20/22 – Estrada v. Nsubuga – Los Angeles;

7/20/22 – Salazar v. Stone – Los Angeles;

8/2/22 – Flores v. Perkins – Los Angeles;

8/8/22 – Ojeda v. Gomez – Fresno;

8/9/22 – Palacios v. Lanthier – Ventura;

8/10/22 – Ruano v. Royal Prestige – Los Angeles;

8/24/22  - Mendoza v. LACMTA – Los Angeles;

8/26/22 – Tobar v. Cortez, et al. – Los Angeles;

8/26/22 – Day v. Johnson – Los Angeles;

9/1/22 – Allage v. Lopez – Los Angeles;

9/7/22 **–** Cancino v. Fajardo **–** Stanislaus;

9/30/22 **–** Antoniazzi v. All Pest Pros **–** Los Angeles;

### **2022 continued...**

10/11/22 **–** Solorio v. Teichert, et al. - Stanislaus

10/24/22 **–** Cardenas v. City of Los Angeles **–** Los Angeles

11/2/22 **–** Flores v. City of Pasadena **–** Los Angeles;

11/2/22 **–** Bowen v. LAD **–** Los Angeles;

11/3/22 Claros v. Ayvazyan **–** Los Angeles;

11/29/22 **–** Morales v. Lima **–** Los Angeles;

12/9/22 **–** Atkinson v. Guevara **–** Los Angeles

### **2023**

2/6/23 **–** Perez v. Gailey **–** Los Angeles;

3/30/23 **–** Chavarria v. Trujillo **–** Alameda;

5/3/23 **–** Ferreyra v. Park **–** Los Angeles

**PROOF OF SERVICE**
**[1013A (3) C.C.P.]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 31824 Village Center Road, G-Unit, Westlake Village, California 91361.

On **December 29, 2021**, I served the forgoing document described as **PLAINTIFF'S CASE MANAGEMENT STATEMENT**, on the interested parties in this action by placing the original **true copies** thereof enclosed in a sealed envelope, addressed as follows:

*-SEE ATTACHED SERVICE LIST-*

I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. I know that the correspondence is deposited with the U.S. Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices at Westlake Village, California.

**___**  By Facsimile, I transmitted such document(s) from Westlake Village, California to the offices of the addressee(s).

**_X_**  By Electronic Mail, I caused said document(s) to be transmitted to the email address(es) of the addressee(s) designated.

**___**  By Mail, by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Westlake Village, California addressed as set forth above.

**___**  By Overnight Delivery, I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice, it is delivered to an authorized courier by the express service to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid.

**___**  By Personal Service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

**_X_**  (State) I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

**___**  (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **December 29, 2021**, at Westlake Village, California.

_____
Gabriela Aguilar

1

<u>**SERVICE LIST**</u>

2

| Arthur J. Casey, Esq. | **Attorney for Defendant(s):** |
|---|---|
| **Ford, Walker, Haggerty & Behar, LLP** | COSTCO WHOLESALE CORPORATION |
| 16450 Los Gatos Boulevard, Suite 110 | |
| Los Gatos, California 95032 | |
| Tel: 408-660-3102 / Fax: 408-660-3105 | |
| Email: acasey@fwhb.com | |
| mnery@fwhb.com | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Benjamin D. Swanson, Esq. SBN: 266629
   **THE SWANSON LAW GROUP**
2  31824 Village Center Road, G-Unit
   Westlake Village, California 91361
3  Tel: (818) 852-7300
   Fax: (818) 852-7298
4  E-mail: ben@theswansonlawgroup.com
          ethan@theswansonlawgroup.com
5
   Attorney for Plaintiff:
6  ALICIA AVILA

7                    SUPERIOR COURT OF CALIFORNIA

8                       COUNTY OF SANTA CLARA

9

10 ALICIA AVILA,                        )  Case No.: 21CV388522
                                        )
11              Plaintiff,              )  **PLAINTIFF'S RESPONSE TO**
                                        )  **DEFENDANT'S FORM**
12                                      )  **INTERROGATORIES, SET ONE**
                                        )
13     vs.                              )
                                        )
14 COSTCO WHOLESALE CORPORATION         )
   and DOES 1 TO 30, inclusive,         )
15                                      )
                                        )
16              Defendants.             )
                                        )
17 _____)

18
   PROPOUNDING PARTY    :    Defendant COSTCO WHOLESALE CORPORATION
19
   RESPONDING PARTY     :    Plaintiff ALICIA AVILA
20
   SET NO.              :    ONE
21
22        Plaintiff ALICIA AVILA provides the following response to Defendant COSTCO

23 WHOLESALE CORPORATION's Form Interrogatories, stating as follows:

24                    **GENERAL STATEMENT AND OBJECTIONS**

25        It should be noted that this responding party has not fully completed her investigation of

26 the facts relating to this case and has not fully completed her preparation for trial. All of the

27 responses contained herein are based only upon such information and documents which are

28 presently available to and specifically known by this responding party and disclose only those

              PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE - 1

contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research, and/or analysis will supply additional facts, and meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.

The following Form Interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which the responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analysis is made, legal research is completed, and/or contentions are made.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of Plaintiff in relation to further discovery, research and analysis.

Plaintiff asserts the following general objections to Defendant's Form Interrogatories:

A. Defendant's Form Interrogatories are generally objection to, to the extent that they seek information that is not reasonably calculated to lead to discoverable information.

B. Defendant's Form Interrogatories are generally objected to, to the extent that they seek information which calls for speculation.

C. Defendant's Form Interrogatories are generally objected to, to the extent that they are vague and ambiguous.

D. Defendant's Form Interrogatories are generally objected to, to the extent that they seek information that invades Plaintiff's right to privacy.

E. Defendant's Form Interrogatories are generally objected to, to the extent that they seek information obtained in anticipation of litigation and protected by the work-product doctrine.

F. Defendant's Form Interrogatories are generally objected to, to the extent that they seek confidential information under the attorney-client privilege.

G. Defendant's Form Interrogatories are generally objected to, to the extent that they are

overly broad and unduly burdensome.

H.  Defendant's Form Interrogatories are generally objected to, to the extent that they call for an expert opinion.

I.  Defendant's Form Interrogatories are generally objected to, to the extent that they call for a legal conclusion.

J.  Defendant's Form Interrogatories are generally objected to, to the extent that they are compound, conjunctive, or disjunctive, in violation to *California Code of Civil Procedure* section 2030.060.(f).

## RESPONSE TO FORM INTERROGATORIES

**FORM INTERROGATORY NO. 1.1:**

State the name, ADDRESS, telephone number, and relationship to you of each PERSON who prepared or assisted in the preparation of the responses to these interrogatories. (Do not identify anyone who simply typed or reproduced the responses)

**RESPONSE TO FORM INTERROGATORY NO. 1.1:**

The Swanson Law Group

31824 Village Center Road, G-Unit

Westlake Village, CA 91361

**FORM INTERROGATORY NO. 2.1:**

State:

(a) your name;

(b) every name you have used in the past; and

(c) the dates you used each name.

**RESPONSE TO FORM INTERROGATORY NO. 2.1:**

(a) – (c) Alicia Erika Avila

Birth – Present

**FORM INTERROGATORY NO. 2.2:**

State the date and place of your birth.

///

**RESPONSE TO FORM INTERROGATORY NO. 2.2:**

Date of Birth – June 23, 1968

Place of Birth – Flores Costa Cuca, Guatemala

**FORM INTERROGATORY NO 2.3:**

At the time of the **INCIDENT**, did you have a driver's license? If so state:

(a) the state or other issuing entity;

(b) the license number and type;

(c) the date of issuance; and

(d) all restrictions.

**RESPONSE TO FORM INTERROGATORY NO. 2.3:**

This Interrogatory is objected to as seeking information that is not reasonably calculated to lead to discovery of admissible evidence. Subject to said objection and without waiving the same, no.

**FORM INTERROGATORY NO. 2.4:**

At the time of the **INCIDENT**, did you have any other permit or license for the operation of a motor vehicle? If so, state:

(a) the state or other issuing entity;

(b) the license number and type;

(c) the date of issuance, and;

(d) all restrictions.

**RESPONSE TO FORM INTERROGATORY NO. 2.4:**

This Interrogatory is objected to as being overly broad. Subject to said objection and without waiving the same, no.

**FORM INTERROGATORY NO. 2.5:**

State:

(a) your present residence **ADDRESS**;

(b) your residence **ADDRESSES** for the past five years; and

(c) the dates you lived at each **ADDRESS**.

**RESPONSE TO FORM INTERROGATORY NO. 2.5:**

(a) – (c) 8740 Marcella Avenue, Space 3

Gilroy, CA 95020

More than 20 years

**FORM INTERROGATORY NO. 2.6:**

State:

(a) the name, ADDRESS, and telephone number of your present employer or place of self-employment; and

(b) the name, ADDRESS, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

**RESPONSE TO FORM INTERROGATORY NO. 2.6:**

(a) – (b) Unemployed

September 29, 2019 – Present

Magic Maids Cleaning Services

7610 Forest Street

Gilroy, CA 95020

Maid/cleaner

2018 – 2019

Cal-Pro, LLC

305 Bloomfield Avenue

Gilroy, CA

Field worker

2007 – 2018

///

Plaintiff additionally worked at R&R Labor, located at 710 Kirkpatric Ct, Hollister, CA, throughout a span of four years during the seasons that she didn't work at Cal-Pro, LLC. She does not recall the exact dates she worked for this location. Investigation and discovery are continuing. This Response may be supplemented as appropriate.

**FORM INTERROGATORY NO. 2.7:**

State:

(a) the name and ADDRESS of each school or other academic or vocational institution you have attended, beginning with high school;

(b) the dates you attended;

(c) the highest grade level you have completed; and

(d) the degrees received.

**RESPONSE TO FORM INTERROGATORY NO. 2.7:**

(a) – (d) Plaintiff did not attend high school.

**FORM INTERROGATORY NO. 2.8:**

Have you ever been convicted of a felony? If so, for each conviction state:

(a) the city and state where you were convicted;

(b) the date of conviction;

(c) the offense; and

(d) the court and case number.

**RESPONSE TO FORM INTERROGATORY NO. 2.8:**

This Interrogatory is objected to as seeking information that is not reasonably calculated to lead discovery of admissible evidence. This Interrogatory is also objected to as seeking information that invades Plaintiff's right to privacy. Subject to said objections and without waiving the same, no.

**FORM INTERROGATORY NO. 2.9:**

Can you speak English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.9:**

No. Spanish.

**FORM INTERROGATORY NO. 2.10:**

Can you read and write English with ease? If not, what language and dialect do you normally use?

**RESPONSE TO FORM INTERROGATORY NO. 2.10:**

No. Spanish.

**FORM INTERROGATORY NO. 2.11:**

At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:

(a) the name, ADDRESS, and telephone number of that PERSON; and

(b) a description of your duties.

**RESPONSE TO FORM INTERROGATORY NO. 2.11:**

This Interrogatory is objected to as calling for legal conclusion. Subject to said objection and without waiving the same, no. Investigation and discovery are continuing. This Response may be supplemented as appropriate.

**FORM INTERROGATORY NO. 2.12:**

At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:

(a) the name, ADDRESS, and telephone number;

(b) the nature of the disability or condition; and

(c) the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

**RESPONSE TO FORM INTERROGATORY NO. 2.12:**

No as to Plaintiff, unknown as to any other person.

**FORM INTERROGATORY NO. 2.13:**

Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:

(a) the name, ADDRESS, and telephone number;

(b) the nature or description of each substance;

(c) the quantity of each substance used or taken;

(d) the date and time of day when each substance was used or taken;

(e) the ADDRESS where each substance was used or taken;

(f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and

(g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

**RESPONSE TO FORM INTERROGATORY NO. 2.13:**

No as to Plaintiff, unknown as to any other person.

**FORM INTERROGATORY NO. 4.1:**

At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims or actions that have arisen out of the INCIDENT? If so, for each policy state:

(a) the kind of coverage;

(b) the name and ADDRESS of the insurance company;

(c) the name, ADDRESS, and telephone number of each named insured;

(d) the policy number;

(e) the limits of coverage for each type of coverage contained in the policy;

(f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and

(g) the name, ADDRESS, and telephone number of the custodian of the policy.

///

///

///

**RESPONSE TO FORM INTERROGATORY NO. 4.1:**

This Interrogatory is objected to as seeking information that is not reasonably calculated to lead to the discovery of admissible evidence. Subject to said objection and without waiving the same, yes. Plaintiff was insured through United Agricultural Benefit Trust – Blue Shield of California, 54 Corporate Park, Irvine, CA 92606.

**FORM INTERROGATORY NO. 4.2:**

Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

**RESPONSE TO FORM INTERROGATORY NO. 4.2:**

This Interrogatory is objected to as being overly broad. Subject to said objection and without waiving the same, no.

**FORM INTERROGATORY NO. 6.1:**

Do you attribute any physical, mental or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

**RESPONSE TO FORM INTERROGATORY NO. 6.1:**

Yes.

**FORM INTERROGATORY NO. 6.2:**

Identify each injury you attribute to the INCIDENT and the area of your body affected.

**RESPONSE TO FORM INTERROGATORY NO. 6.2:**

This Interrogatory is objected to as calling for expert medical opinion. Subject to said objection and without waiving the same, Plaintiff sustained injuries to several areas of her body in this accident, including (but not limited to) her head, neck with radiation down both arms, left shoulder, left elbow, and back.  Defendant is also referred to Plaintiff's medical records, which have been or will be exchanged through discovery and/or otherwise obtained via subpoena.

**FORM INTERROGATORY NO. 6.3:**

Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:

(a) a description;

(b) whether the complaint is subsiding, remaining the same, or becoming worse; and

(c) the frequency and duration.

**RESPONSE TO FORM INTERROGATORY NO. 6.3:**

Yes.

(a) Plaintiff continues to experience pain in her neck with radiation down the arms, shoulders, arms, and lower back.

(b) Plaintiff feels her pain and limitation have not improved much with time and treatment.

(c) Plaintiff continues to experience pain and discomfort every day, especially when she is sitting for a long period of time, washing the dishes, or going up stairs.

**FORM INTERROGATORY NO. 6.4:**

Did you receive any consultation or examination (except from expert witness covered by Code of Civil Procedure sections 2034.210-2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:

(a) the name, ADDRESS, and telephone number;

(b) the type of consultation, examination, or treatment provided;

(c) the dates you received consultation, examination or treatment; and

(d) the charges to date.

**RESPONSE TO FORM INTERROGATORY NO. 6.4:**

This Interrogatory is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. Subject to said objection and without waiving the same, yes.

**1)**

(a) Saint Louise Regional Hospital

9400 No Name Uno

Gilroy, CA 95020

(b) Emergency care

(c) 09/29/19

1    (d) $2,089.65

2  **2)**

3    (a) Central Valley Imaging

4        P.O. Box 39876

5        San Francisco, CA 94139

6    (b) Imaging

7    (c) 09/29/19

8    (d) $490.00

9  **3)**

10    (a) Dr. Rodney Wong

11        763 Altos Oaks Drive, #1

12        Los Altos, CA 94024

13    (b) Orthopedic care

14    *(c) Pending*

15    *(d) Pending*

16  **4)**

17    (a) Regional Medical Center

18        225 North Jackson Avenue

19        San Jose, CA 95116

20    (b) Emergency Care

21    (c) 12/11/19

22    (d) $22,084.00

23  **5)**

24    (a) Coastal Medical Group

25        Daljeet Sagoo, D.O.

26        221East Hacienda Avenue, Suite A

27        Campbell, CA 95008

28    (b) Orthopedic care

(c) 10/04/19,   10/29/19,   12/03/19,   12/06/19,   01/16/20,   02/13/20,   03/26/20,   05/12/20,
06/25/20, 07/06/20, 07/08/20, 09/03/20

(d) $17,910.54 (not final)

**6)**

(a) South Valley Imaging

8359 Church Street

Gilroy, CA 95020

(b) Imaging

(c) 10/23/19

(d) $5,576.00

**7)**

(a) Silver Creek Physical Therapy

1395 1st Street, #100

Gilroy, CA 95020

(b) Physical therapy

(c) 11/14/19,   11/21/19,   01/09/20,   01/15/20,   01/17/20,   02/22/20,   01/24/20,   01/29/20,
02/06/20,   02/11/20,   02/24/20,   03/06/20,   08/07/20,   08/10/20,   08/17/20,   08/24/20,
10/08/20,   10/14/20,   11/12/20,   11/19/20,   11/24/20,   12/01/20,   12/08/20,   01/07/21,
01/14/21, 01/22/21, 01/25/21, 02/03/21

(d) $9,280.00

**8)**

(a) Coastal Medical Group

Dr. Justin Lo

2101 Forest Avenue, Suite #220a

San Jose, CA 95128

(b) Pain management

(c) 05/11/20, 01/28/21

(d) $1,700.00

**9)**

    (a) Advanced SurgiCare

        2222 Lafayette Street

        Santa Clara, CA 95050

    (b) Surgery

    (c) 07/06/20

    (d) $27,900.00

**10)**

    (a) Coastal Medical Group

        Dr. Sandeep N. Gidvani

        221 East Hacienda Avenue, Suite A

        Campbell, CA 95008

    (b) Spine surgery consultation

    (c) 02/24/21, 03/08/21

    (d) $2,075.00

**11)**

    (a) Silicon Valley MRI & CT

        Ravi K. Singh, M.D., Inc.

        15405 Los Gatos Boulevard, Suite 104

        Los Gatos, CA 95032

    (b) Imaging

    (c) 03/01/21, 05/10/21, 08/19/21

    (d) $3,556.00 (not final)

**12)**

    (a) Vibrant Care Rehab

        15251 National Avenue, Suite 203

        Los Gatos, CA 95032

    (b) Physical therapy

1   *(c) Pending*

2   *(d) Pending*

3       Investigation and discovery are continuing. This Response may be supplemented as

4   appropriate.

5   **FORM INTERROGATORY NO. 6.5:**

6       Have you taken any medication, prescription or not, as a result of injuries that you

7   attribute to the INCIDENT? If so, for each medication state:

8       (a) the name,

9       (b) the PERSON who prescribed or furnished it;

10      (c) the date it was prescribed or furnished;

11      (d) the dates you began and stopped taking it; and

12      (e) the cost to date.

13  **RESPONSE TO FORM INTERROGATORY NO. 6.5:**

14      Objection. This request would necessitate the preparation of a compilation, abstract, audit

15  or summary from documents in Plaintiff's possession; because such preparation would be

16  similarly burdensome and/or expensive to both the propounding and responding parties, Plaintiff

17  hereby offers to permit review of Plaintiff's medical records produced in response to Request for

18  Production of Documents, Set One.

19  **FORM INTERROGATORY NO. 6.6:**

20      Are there any other medical services necessitated by the injuries that you attribute to the

21  INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so,

22  for each service state:

23      (a) the nature;

24      (b) the date;

25      (c) the cost; and

26      (d) the name, ADDRESS, and telephone number of each provider.

27  **RESPONSE TO FORM INTERROGATORY NO. 6.6:**

28      No.

**FORM INTERROGATORY NO. 6.7:**

Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:

(a) the name and ADDRESS of each HEALTH CARE PROVIDER;

(b) the complaints for which the treatment was advised; and

(c) the nature, duration, and estimated cost of the treatment.

**RESPONSE TO FORM INTERROGATORY NO. 6.7:**

Yes. Dr. Gidvani has recommended a three-level neck fusion at C3-4 thru C5-6 and estimates the global costs to total approximately $350,000. Defendant is referred to Plaintiff's medical records, which have been or will be exchanged through discovery and/or otherwise obtained via subpoena.

**FORM INTERROGATORY NO. 7.1:**

Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:

(a) describe the property;

(b) describe the nature and location of the damage to the property;

(c) state the amount of damage you are claiming for each item of property and how the amount was calculated; and

(d) if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

**RESPONSE TO FORM INTERROGATORY NO. 7.1:**

No.

**FORM INTERROGATORY NO. 7.2:**

Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:

(a) the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;

(b) the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and

1    (c) the amount of damage stated.

2    **RESPONSE TO FORM INTERROGATORY NO. 7.2:**

3    No.

4    **FORM INTERROGATORY NO. 7.3:**

5    Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If

6    so, for each item state:

7    (a) the date repaired;

8    (b) a description of the repair;

9    (c) the repair cost;

10   (d) the name, ADDRESS, and telephone number of the PERSON who repaired it;

11   (e) the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

12   **RESPONSE TO FORM INTERROGATORY NO. 7.3:**

13   Not applicable.

14   **FORM INTERROGATORY NO. 8.1:**

15   Do you attribute any loss of income or earning capacity to the INCIDENT? (if your

16   answer is "no" do not answer interrogatories 8.2 through 8.8).

17   **RESPONSE TO FORM INTERROGATORY NO. 8.1:**

18   Yes.

19   **FORM INTERROGATORY NO. 8.2:**

20   State:

21   (a) the nature of your work;

22   (b) your job title at the time of the INCIDENT; and

23   (c) the date your employment began.

24   **RESPONSE TO FORM INTERRGATORY NO. 8.2:**

25   (a) Cleaning services;

26   (b) Maid/cleaner;

27   (c) 2018.

28   ///

**FORM INTERROGATORY NO. 8.3:**

State the last date before the INCIDENT that you worked for compensation.

**RESPONSE TO FORM INTERROGATORY NO. 8.3:**

Plaintiff last worked for compensation on September 28, 2019.

**FORM INTERROGATORY NO. 8.4:**

State your monthly income at the time of the INCIDENT and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.4:**

Plaintiff estimates her monthly income was approximately $2,800 at the time of the accident. This amount was calculated by her approximate weekly pay of $700.

**FORM INTERROGATORY NO. 8.5:**

State the date you returned to work at each place of employment following the INCIDENT.

**RESPONSE TO FORM INTERROGATORY NO. 8.5:**

Plaintiff has not returned to work since the date of the accident.

**FORM INTERROGATORY NO. 8.6:**

State the dates you did not work and for which you lost income as a result of the INCIDENT.

**RESPONSE TO FORM INTERROGATORY 8.6:**

Plaintiff has not worked from September 29, 2019 to present.

**FORM INTERROGATORY NO. 8.7:**

State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

**RESPONSE TO FORM INTERROGATORY NO. 8.7:**

This Interrogatory is objected to as being premature as discovery has just begun. This Interrogatory is also objected to as calling for expert opinion. Subject to said objection and without waiving the same, Plaintiff estimates she has lost approximately $75,600 as a result of

the accident. Investigation and discovery are continuing. This Response may be supplemented as appropriate.

**FORM INTERROGATORY NO. 8.8:**

Will you lose income in the future as a result of the INCIDENT? If so, state:

(a) the facts upon which you base this contention;

(b) an estimate of the amount;

(c) an estimate of how long you will be unable to work; and

(d) how the claim for future income is calculated.

**RESONSE TO FORM INTERROGATORY NO. 8.8:**

This Interrogatory is objected to as being premature as Plaintiff continues to suffer injury from this fall. This Interrogatory is also objected to as calling for expert opinion. Subject to said objections and without waiving the same, yes, although the amount of time is unknown at present. Investigation and discovery are continuing. This Response may be supplemented as appropriate.

**FORM INTERROGATORY NO. 9.1:**

Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:

(a) the nature;

(b) the date it occurred;

(c) the amount; and

(d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

**RESPONSE TO FORM INTERROGATORY NO. 9.1:**

This Interrogatory is objected to as being overly broad. Subject to said objection and without waiving the same, Plaintiff paid approximately $320 in out-of-pocket medical expenses. She also paid approximately $50 for over-the-counter medicine. Additionally, Plaintiff has and continues to endure pain and limitation from her injuries.

*///*

**FORM INTERROGATORY NO. 9.2:**

Do any DOCUMENTS support the existence or amount of any item of damages claimed in the interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**RESPONSE TO FORM INTERROGATORY NO. 9.2:**

Defendant is referred to Plaintiff's medical records and out-of-pocket receipts, which have been or will be exchanged through discovery and/or otherwise obtained via subpoena.

**FORM INTERROGATORY NO. 10.1:**

At any time before the INCIDENT did you have complaints or injuries that involved the same party of your body claimed to have been injured in the INCIDENT? If so, for each state:

(a) a description of the complaint or injury;

(b) the dates it began and ended; and

(c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

**RESPONSE TO FORM INTERROGATORY NO. 10.1:**

This Interrogatory is objected to as being overly broad. Subject to said objection and without waiving the same, none that Plaintiff can recall.

**FORM INTERROGATORY NO. 10.2:**

List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. (You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)

**RESPONSE FORM INTERROGATORY NO. 10.2:**

None.

**FORM INTERROGATORY NO. 10.3:**

At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:

(a) the date and place it occurred;

(b) the name, ADDRESS, and telephone number of any PERSON involved;

(c) the nature of any injuries you sustained;

(d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who

you consulted or who examined or treated you; and

(e) the nature of the treatment and its duration.

**RESPONSE TO FORM INTERROGATORY NO. 10.3:**

None.

**FORM INTERROGATORY NO. 11.1:**

Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:

(a) the date, time, and place and location (closest street ADDRESS or intersection) of the

INCIDENT giving rise to the action, claim or demand;

(b) the name, ADDRESS, and telephone number of each PERSON against whom the claim

or demand was made or the action filed;

(c) the court, names of the parties, and case number of any action filed;

(d) the name, ADDRESS, and telephone number of any attorney representing you;

(e) whether the claim or action has been resolved or is pending; and

(f) a description of the injury.

**RESPONSE TO FORM INTERROGATORY NO. 11.1:**

This Interrogatory is objected to as being overly broad. Subject to said objection and without waiving the same, no.

**FORM INTERROGATORY NO. 11.2:**

In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:

(a) the date, time and place of the INCIDENT giving rise to the claim;

(b) the name, ADDRESS, and telephone number of your employer at the time of the injury;

(c) the name, ADDRESS, and telephone number of the workers' compensation insurer and

the claim number;

1   (d) the period of time during which you received workers' compensation benefits;

2   (e) a description of the injury;

3   (f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who

4        provided services; and

5   (g) the case number at the Workers' Compensation Appeals Board.

6   **RESPONSE TO FORM INTERROGATORY NO. 11.2:**

7        This Interrogatory is objected to as being overly broad. Subject to said objection and

8   without waiving the same, no.

9   **FORM INTERROGATORY NO. 12.1:**

10        State the name, ADDRESS, and telephone number of each individual:

11   (a) who witnessed the INCIDENT or the events occurring immediately before or after the

12        INCIDENT;

13   (b) who made any statement at the scene of the INCIDENT;

14   (c) who heard any statements made about the INCIDENT by any individual at the scene; and

15   (d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the

16        INCIDENT (except for expert witnesses covered by Code of Civil Procedure section

17        2034).

18   **RESPONSE TO FORM INTERROGATORY NO. 12.1:**

19        This Interrogatory is objected to as seeking information obtained in anticipation of

20   litigation and protected by the work-product doctrine. Subject to said objection and without

21   waiving the same, none other than the parties listed in the incident report, which is equally

22   available to the requesting party.

23   **FORM INTERROGATORY NO. 12.2:**

24        Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual

25   concerning the INCIDENT? If so, for each individual state:

26   (a) the name, ADDRESS, and telephone number of the individual interviewed;

27   (b) the date of the interview; and

28

1   (c) the name, ADDRESS, and telephone number of the PERSON who conducted the

2       interview.

3   **RESPONSE TO FORM INTERROGATORY NO. 12.2:**

4       This Interrogatory is objected to as seeking information obtained in anticipation of

5   litigation and protected by the work-product doctrine. This Interrogatory is objected to as seeking

6   confidential information under the attorney-client privilege. Subject to said objections and

7   without waiving the same, no.

8   **FORM INTERROGATORY NO. 12.3:**

9       Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded

10  statement from any individual concerning the INCIDENT? If so, for each statement state:

11  (a) the name, ADDRESS, and telephone number of the individual from whom the statement

12      was obtained;

13  (b) the name, ADDRESS, and telephone number of the individual who obtained the

14      statement;

15  (c) the date the statement was obtained; and

16  (d) the name, ADDRESS, and telephone number of each PERSON who has the original

17      statement or a copy.

18  **RESPONSE TO FORM INTERROGATORY NO. 12.3:**

19      This Interrogatory is objected to as seeking information obtained in anticipation of

20  litigation and protected by the work-product doctrine. This Interrogatory is objected to as seeking

21  confidential information under the attorney-client privilege. Subject to said objections and

22  without waiving the same, no.

23  **FORM INTERROGATORY NO. 12.4:**

24      Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any photographs, films,

25  or videotapes depicting any place, object or individual concerning the INCIDENT or plaintiff's

26  injuries? If so, state:

27  (a) the number of photographs or feet of film or videotape;

28  (b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films or videotapes were taken;

(d) the name, ADDRESS, and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the photographs, films, or videotapes.

**RESPONSE TO FORM INTERROGATORY NO. 12.4:**

This Interrogatory is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. Subject to said objection and without waiving the same, yes.

(a) Fifteen (15) photographs.

(b) Fifteen (15) photographs depicting Plaintiff's bodily injuries.

(c) The photographs were taken at the hospital and at Plaintiff's house.

(d) Plaintiff and Plaintiff's daughter took the photographs.

(e) Plaintiff's attorney.

**FORM INTERROGATORY NO. 12.5:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210 – 2034.310) concerning the INCIDENT? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, ADDRESS and telephone number of each PERSON who has it.

**RESPONSE TO FORM INTERROGATORY NO. 12.5:**

This Interrogatory is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. Subject to said objection and without waiving the same, no.

**FORM INTERROGATORY NO. 12.6:**

Was a report made by any PERSON concerning the INCIDENT? If so, state:

(a) the name, title, identification number, and employer of the PERSON who made the report;

(b) the date and type of report made;

(c) the name, ADDRESS, and telephone number of the PERSON for whom the report was made; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of the report.

**RESPONSE TO FORM INTERROGATORY NO. 12.6:**

This Interrogatory is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. This Interrogatory is also objected to as seeking information protected by the attorney-client privilege. Subject to said objections and without waiving the same, Defendant is referred to the incident report.

(a) A Costco employee;

(b) September 29, 2019 – Incident report

(c) A Costco employee;

(d) Plaintiff's attorney.

**FORM INTERROGATORY NO. 12.7:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF inspected the scene of the INCIDENT? If so, for each inspection state:

(a) the name, ADDRESS, and telephone number of the individual making the inspection (except for the expert witnesses covered by Code of Civil Procedure sections 2034.210 – 2034.310); and

(b) the date of the inspection.

**RESPONSE TO FORM INTERROGATORY NO. 12.7:**

This Interrogatory is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. Subject to said objection and without waiving the same, no.

///

**FORM INTERROGATORY NO. 13.1:**

Have YOU OR ANYONE ACTING ON YOUR BEHALF conducted surveillance of any individual involved in the INCIDENT or any party to this action? If so, for each surveillance state:

(a) the name, ADDRESS, and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, ADDRESS, and telephone number of the individual who conducted the surveillance; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy of any surveillance photograph, film, or videotape.

**RESPONSE TO FORM INTERROGATORY NO. 13.1:**

This Interrogatory is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. Subject to said objection and without waiving the same, no.

**FORM INTERROGATORY NO. 13.2:**

Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, ADDRESS, and telephone number of the individual who prepared the report; and

(d) the name, ADDRESS, and telephone number of each PERSON who has the original or a copy.

**RESPONSE TO FORM INTERROGATORY NO. 13.2:**

This Interrogatory is objected to as seeking information obtained in anticipation of litigation and protected by the work-product doctrine. Subject to said objection and without waiving the same, no.

///

///

**FORM INTERROGATORY NO. 14.1:**

Do YOU OR ANYONE ACTING ON YOUR BEHALF contend that any PERSON involved in the INCIDENT violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the INCIDENT? If so, identify the name, ADDRESS, and telephonic number of each PERSON and the statute, ordinance or regulation that was violated.

**RESPONSE TO FORM INTERROGATORY NO. 14.1:**

No.

**FORM INTERROGATORY NO. 14.2**

Was any PERSON cited or charged with a violation of any statute, ordinance, or regulation as a result of this INCIDENT? If so, for each PERSON state:

(a) the name, ADDRESS, and telephone number of the PERSON;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the PERSON entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and ADDRESS of the court or administrative agency, names of the parties, and case number.

**RESPONSE TO FORM INTERROGATORY NO. 14.2:**

No as to Plaintiff, unknown as to Defendant.


Dated: January 4, 2022.                    THE SWANSON LAW GROUP


By: _____
Benjamin D. Swanson, Esq.
Attorneys for Plaintiff

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF** SANTA CLARA

I have read the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES, SET ONE
and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner ☐ a ___ of ___ ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for ___ ,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on ___ , at GILROY ___ , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

ALICIA ERIKA AVILA _____

| TYPE OR PRINT NAME | SIGNATURE |
|---|---|

**PROOF OF SERVICE**
1013a (3) CCP Revised 2004

**STATE OF CALIFORNIA, COUNTY OF** SANTA CLARA

I am employed in the county of ___ , State of California.
I am over the age of 18 and not a party to the within action; my business address is:

On ___ , I served the foregoing document described as

on ___ in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at ___ , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at ___ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on ___ , at ___ , California.
☐ **\*\*(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.

Executed on ___ , at ___ , California.
☐ (State)   I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal)   I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____

| TYPE OR PRINT NAME | SIGNATURE |
|---|---|

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
\*\*(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

CEB.com   Essential Forms

AVILA, ALICIA
Doc ID: 694806de60ced4dc165f26e582d057c0e13fe7b0

**PROOF OF SERVICE**
**[1013A (3) C.C.P.]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 31824 Village Center Road, G-Unit, Westlake Village, California 91361.

On **January 4, 2022**, I served the forgoing document described as **PLAINTIFF'S RESPONSE TO DEFENDANT'S FORM INTERROGATORIES**, on the interested parties in this action by placing the original **true copies** thereof enclosed in a sealed envelope, addressed as follows:

*-SEE ATTACHED SERVICE LIST-*

I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. I know that the correspondence is deposited with the U.S. Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices at Westlake Village, California.

___ By Facsimile, I transmitted such document(s) from Westlake Village, California to the offices of the addressee(s).

_X_ By Electronic Mail, I caused said document(s) to be transmitted to the email address(es) of the addressee(s) designated.

___ By Mail, by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Westlake Village, California addressed as set forth above.

___ By Overnight Delivery, I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice, it is delivered to an authorized courier by the express service to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid.

___ By Personal Service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

_X_ (State) I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

___ (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **January 4, 2022**, at Westlake Village, California.

_____
Gabriela Aguilar

1

## SERVICE LIST

2

| Arthur J. Casey, Esq. | **Attorney for Defendant(s):** |
|---|---|
| **Ford, Walker, Haggerty & Behar, LLP** | COSTCO WHOLESALE CORPORATION |
| 16450 Los Gatos Boulevard, Suite 110 | |
| Los Gatos, California 95032 | |
| Tel: 408-660-3102 / Fax: 408-660-3105 | |
| Email: acasey@fwhb.com | |
|       mnery@fwhb.com | |
|       larmanino@fwhb.com | |

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Benjamin D. Swanson, Esq. SBN: 266629
**THE SWANSON LAW GROUP**
31824 Village Center Road, G-Unit
Westlake Village, California 91361
Tel: (818) 852-7300
Fax: (818) 852-7298
E-mail: ben@theswansonlawgroup.com
        ethan@theswansonlawgroup.com

Attorneys for Plaintiff:
ALICIA AVILA

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SANTA CLARA

| | |
|---|---|
| ALICIA AVILA, | Case No.: 21CV388522 |
| Plaintiff, | **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| vs. | |
| COSTCO WHOLESALE CORPORATION and DOES 1 TO 30, inclusive, | |
| Defendants. | |

PROPOUNDING PARTY    :    Defendant COSTCO WHOLESALE CORPORATION

RESPONDING PARTY    :    Plaintiff ALICIA AVILA

SET NO.    :    ONE

Plaintiff ALICIA AVILA provides the following response to Defendant COSTCO WHOLESALE CORPORATION's Request for Production of Documents, stating as follows:

## GENERAL STATEMENT AND OBJECTIONS

It should be noted that this responding party has not fully completed her investigation of the facts relating to this case and has not fully completed her preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to and specifically known by this responding party and disclose only those

contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research, and/or analysis will supply additional facts, and meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.

The following responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which the responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analysis is made, legal research is completed, and/or contentions are made.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of Plaintiff in relation to further discovery, research and analysis.

Plaintiff asserts the following general objections to Defendant's Demand for Inspection of Documents:

A. To the extent that any of the requests herein call for documents that are protected by the attorney-client and/or work-product privileges, responding party objects to said requests on that basis.

B. To the extent that any of the requests herein call for documents that are confidential and of a proprietary nature protected by the California State Constitution, responding party objects to said requests on that basis.

C. To the extent that any of the requests herein call for documents that are protected by any additional privileges, responding party objects to the answering of said requests.

D. Responding party reserves the right to object on any ground at any time to such other supplemental inspection requests that may be propounded at this time involving or relating to the subject matter of this demand.

E. Documents that are responsive to the demand but are subject to the above objection will not be produced. Notwithstanding the above general objections, privileges and other

exceptions states herein, responding party responds individually to each request as set forth herein below.

### RESPONSE TO DEMAND FOR INSPECTION OF DOCUMENTS

**REQUEST NO. 1:**

ANY and all statements, whether written, oral and transcribed or otherwise, from ANY representative of these requesting parties, or ANY witnesses purported to be familiar with the facts and events surrounding the INCIDENT from which this lawsuit arises.

**RESPONSE TO REQUEST NO. 1:**

This Request is objected to as being overly broad. Furthermore, this Request is objected to as seeking information in anticipation of litigation and protected by the work-product doctrine. This Request is also objected to as seeking confidential information under the attorney-client privilege. Without waiving, and subject to, the foregoing objections, Plaintiff responds as follows: *see* Costco incident report, attached as exhibit 1.

**REQUEST NO. 2:**

ANY and all photographs, or negatives of photographs, which depict the scene and instrumentalities in the subject INCIDENT, including, but not limited to the scene of the INCIDENT, or photographs of Plaintiff's injuries and residual scars, if ANY.

**RESPONSE TO REQUEST NO. 2:**

*See* photographs of bodily injuries, attached as exhibit 2.

**REQUEST NO. 3:**

ANY and all medical records and bills relating to ANY treatment rendered to Plaintiff as a result of the INCIDENT.

**RESPONSE TO REQUEST NO. 3:**

*See* medical records and bills, attached as exhibit 3.

**REQUEST NO. 4:**

ANY and all DOCUMENTS which YOU claim will support ANY claim for lost earnings (past or future) or loss of earning capacity.

///

**RESPONSE TO REQUEST NO. 4:**

This Request is objected to as being overly broad and unduly burdensome.  This Request is also objected to the extent is asks for information that is not reasonably calculated to lead to the discovery admissible evidence.  Moreover, this Request is objected to the extent is seeks information that invades Plaintiff's right to privacy. Subject to said objections and without waiving the same, *see* loss of earnings documents, attached as exhibit 4.

**REQUEST NO. 5:**

All income records for the last seven (7) years.

**RESPONSE TO REQUEST NO. 5:**

This Request is objected to as being overly broad and unduly burdensome.  This Request is also objected to the extent is asks for information that is not reasonably calculated to lead to the discovery admissible evidence.  Moreover, this Request is objected to the extent is seeks information that invades Plaintiff's right to privacy. Subject to said objections and without waiving the same, *see* loss of earnings documents, attached as exhibit 4.

**REQUEST NO. 6:**

ANY and all non-privileged DOCUMENTS reflecting communication between YOU, or anyone representing you, and ANY other party or party representative in this case.

**RESPONSE TO REQUEST NO. 6:**

This Request is objected to as being overly broad. Subject to said objection and without waiving the same, *see* Costco incident report, attached as exhibit 1.

**REQUEST NO. 7:**

ANY and all reports relating to the INCIDENT which gave rise to the complaint.

**RESPONSE TO REQUEST NO. 7:**

This Request is objected to as being overly broad and unduly burdensome. Furthermore, this Request is objected to as seeking confidential information under the attorney-client privilege.  This Request is also objected to as seeking information in anticipation of litigation and protected by the work-product doctrine. Subject to said objections and without waiving the same, *see* Costco incident report, attached as exhibit 1.

**REQUEST NO. 8:**

ANY and all DOCUMENTS identified in YOUR answers to interrogatories not otherwise produced in response to a request for production.

**RESPONSE TO REQUEST NO. 8:**

This Request is objected to as being overly broad and unduly burdensome. Without waiving, and subject to, the foregoing objections, Plaintiff responds as follows: All documents identified in responses to interrogatories have been produced in response to a request for production.

**REQUEST NO. 9:**

ANY and all application(s) for Social Security benefits.

**RESPONSE TO REQUEST NO. 9:**

After conducting a diligent search and/or reasonable inquiry, Plaintiff has no documents responsive to this Request, nor does Plaintiff believe any such documents to exist.

**REQUEST NO. 10:**

ANY and all DOCUMENTS evidencing the date YOU were deemed disabled for purposes of Social Security or ANY other agency (exclusive of Workers' Compensation), if ANY.

**RESPONSE TO REQUEST NO. 10:**

After conducting a diligent search and/or reasonable inquiry, Plaintiff has no documents responsive to this Request, nor does Plaintiff believe any such documents to exist.

**REQUEST NO. 11:**

ANY and all DOCUMENTS evidencing YOUR Medicare Health Insurance Claim Number, if YOU have one.

**RESPONSE TO REQUEST NO. 11:**

After conducting a diligent search and/or reasonable inquiry, Plaintiff has no documents responsive to this Request, nor does Plaintiff believe any such documents to exist.

///

///

**REQUEST NO. 12:**

ANY and all DOCUMENTS evidencing YOUR Medicare Case Control Number, if YOU have one.

**RESPONSE TO REQUEST NO. 12:**

After conducting a diligent search and/or reasonable inquiry, Plaintiff has no documents responsive to this Request, nor does Plaintiff believe any such documents to exist.

**REQUEST NO. 13:**

ANY and all DOCUMENTS relating to reporting to Medicare Coordinator of Benefits Contractor.

**RESPONSE TO REQUEST NO. 13:**

After conducting a diligent search and/or reasonable inquiry, Plaintiff has no documents responsive to this Request, nor does Plaintiff believe any such documents to exist.

**REQUEST NO. 14:**

ANY and all letters transmitted to and received from Medicare Coordinator of Benefits Contractor/MSPRC.

**RESPONSE TO REQUEST NO. 14:**

After conducting a diligent search and/or reasonable inquiry, Plaintiff has no documents responsive to this Request, nor does Plaintiff believe any such documents to exist.

**REQUEST NO. 15:**

ANY and all receipts for payments to health care providers for treatment YOU contend is related to the injuries YOU claim YOU sustained in the underlying INCIDENT.

**RESPONSE TO REQUEST NO. 15:**

*See* out-of-pocket receipt, attached as exhibit 5.

**REQUEST NO. 16:**

ANY and all lien agreements with health care providers for treatment YOU contend is related to the injuries YOU claim YOU sustained in the underlying INCIDENT.

///

///

**RESPONSE TO REQUEST NO. 16:**

Objection. This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance and embarrassment and is oppressive. Furthermore, this request seeks information in anticipation of litigation and protected by the work-product doctrine. Without waiving, and subject to, the foregoing objections, Plaintiff responds as follows: *see* medical records and bills, attached as exhibit 3.

**REQUEST NO. 17:**

ANY and all correspondence between YOUR attorney(s) and health care providers with whom YOU treated for injuries YOU claim YOU sustained in the underlying INCIDENT.

**RESPONSE TO REQUEST NO. 17:**

Objection. This discovery request is so broad and unlimited as to time and scope as to be an unwarranted annoyance and embarrassment and is oppressive. Furthermore, this request seeks information in anticipation of litigation and protected by the work-product doctrine. Without waiving, and subject to, the foregoing objections, Plaintiff responds as follows: *see* medical records and bills, attached as exhibit 3.

Dated: January 4, 2022.                    THE SWANSON LAW GROUP

Benjamin D. Swanson, Esq.
Attorneys for Plaintiff

## VERIFICATION

**STATE OF CALIFORNIA, COUNTY OF** SANTA CLARA

I have read the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE
and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner ☐ a _____ of _____ ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____ ,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at GILROY _____ , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

ALICIA ERIKA AVILA _____

_____TYPE OR PRINT NAME_____          _____SIGNATURE_____

## PROOF OF SERVICE
1013a (3) CCP Revised 2004

**STATE OF CALIFORNIA, COUNTY OF** SANTA CLARA

I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is: _____

On _____ , I served the foregoing document described as
_____
on _____ in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____ , at _____ , California.
☐ **\*\*(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____          _____

_____TYPE OR PRINT NAME_____          _____SIGNATURE_____

*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

CEB.com Essential Forms

AVILA, ALICIA
Doc ID: 694806de60ced4dc165f26e582d057c0e13fe7b0

**PROOF OF SERVICE**
**[1013A (3) C.C.P.]**
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 31824 Village Center Road, G-Unit, Westlake Village, California 91361.

On **January 4, 2022**, I served the forgoing document described as **PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE**, on the interested parties in this action by placing the original **true copies** thereof enclosed in a sealed envelope, addressed as follows:

*-SEE ATTACHED SERVICE LIST-*

I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. I know that the correspondence is deposited with the U.S. Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices at Westlake Village, California.

____   By Facsimile, I transmitted such document(s) from Westlake Village, California to the offices of the addressee(s).

_X_   By Electronic Mail, I caused said document(s) to be transmitted to the email address(es) of the addressee(s) designated.

____   By Mail, by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Westlake Village, California addressed as set forth above.

____   By Overnight Delivery, I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice, it is delivered to an authorized courier by the express service to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid.

____   By Personal Service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

_X_   (State) I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

____   (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **January 4, 2022**, at Westlake Village, California.

_____
Gabriela Aguilar

PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE - 8

## SERVICE LIST

| | |
|---|---|
| Arthur J. Casey, Esq.<br>**Ford, Walker, Haggerty & Behar, LLP**<br>16450 Los Gatos Boulevard, Suite 110<br>Los Gatos, California 95032<br>Tel: 408-660-3102 / Fax: 408-660-3105<br>Email: acasey@fwhb.com<br>　　　　mnery@fwhb.com<br>　　　　larmanino@fwhb.com | **Attorney for Defendant(s):**<br>COSTCO WHOLESALE CORPORATION |

1  Benjamin D. Swanson, Esq. SBN: 266629
   **THE SWANSON LAW GROUP**
2  31824 Village Center Road, G-Unit
   Westlake Village, California 91361
3  Tel: (818) 852-7300
   Fax: (818) 852-7298
4  E-mail: ben@theswansonlawgroup.com
   ethan@theswansonlawgroup.com
5
   Attorney for Plaintiff:
6  ALICIA AVILA

7                  SUPERIOR COURT OF CALIFORNIA

8                     COUNTY OF SANTA CLARA

9

10  ALICIA AVILA,                        )   Case No.: 21CV388522
                                         )
11              Plaintiff,               )   **PLAINTIFF'S RESPONSE TO**
                                         )   **DEFENDANT'S SPECIAL**
12        vs.                            )   **INTERROGATORIES, SET ONE**
                                         )
13                                       )
    COSTCO WHOLESALE CORPORATION         )
14  and DOES 1 TO 30, inclusive,         )
                                         )
15                                       )
                                         )
16              Defendants.              )
                                         )
17  _____)

18

19  PROPOUNDING PARTY    :    Defendant COSTCO WHOLESALE CORPORATION

20  RESPONDING PARTY     :    Plaintiff ALICIA AVILA

21  SET NO.              :    ONE

22        Plaintiff ALICIA AVILA provides the following response to Defendant COSTCO

23  WHOLESALE CORPORATION's Special Interrogatories, stating as follows:

24              **GENERAL STATEMENT AND OBJECTIONS**

25        It should be noted that this responding party has not fully completed her investigation of

26  the facts relating to this case and has not fully completed her preparation for trial. All of the

27  responses contained herein are based only upon such information and documents which are

28  presently available to and specifically known by this responding party and disclose only those

contentions which presently occur to such responding party. It is anticipated that further discovery, independent investigation, legal research, and/or analysis will supply additional facts, and meaning to the known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in and variations from the contentions herein set forth.

The following Special Interrogatory responses are given without prejudice to responding party's right to produce evidence of any subsequently discovered fact or facts which the responding party may later recall. Responding party accordingly reserves the right to change any and all answers herein as additional facts are ascertained, analysis is made, legal research is completed, and/or contentions are made.

The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of legal contentions as is presently known but should in no way be to the prejudice of Plaintiff in relation to further discovery, research and analysis.

Plaintiff asserts the following general objections to Defendant's Special Interrogatories:

A. Defendant's Special Interrogatories are generally objection to, to the extent that they seek information that is not reasonably calculated to lead to discoverable information.

B. Defendant's Special Interrogatories are generally objected to, to the extent that they seek information which calls for speculation.

C. Defendant's Special Interrogatories are generally objected to, to the extent that they are vague and ambiguous.

D. Defendant's Special Interrogatories are generally objected to, to the extent that they seek information that invades Plaintiff's right to privacy.

E. Defendant's Special Interrogatories are generally objected to, to the extent that they seek information obtained in anticipation of litigation and protected by the work-product doctrine.

F. Defendant's Special Interrogatories are generally objected to, to the extent that they seek confidential information under the attorney-client privilege.

G. Defendant's Special Interrogatories are generally objected to, to the extent that they are

PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE - 2

1    overly broad and unduly burdensome.

2    H.  Defendant's Special Interrogatories are generally objected to, to the extent that they call

3         for an expert opinion.

4    I.   Defendant's Special Interrogatories are generally objected to, to the extent that they call

5         for a legal conclusion.

6    J.   Defendant's Special Interrogatories are generally objected to, to the extent that they are

7         compound, conjunctive, or disjunctive, in violation to *California Code of Civil Procedure*

8         section 2030.060.(f).

9                         **RESPONSE TO SPECIAL INTERROGATORIES**

10   **SPECIAL INTERROGATORY NO. 1:**

11        Please describe ANY and all DOCUMENTS related to the accident described in YOUR

12   Complaint, including, but not limited to photographs of the scene of the accident, photographs of

13   YOU, photographs of YOUR clothing or ANY other item related to YOUR accident at the

14   Defendant's warehouse as described in YOUR complaint.

15   **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

16        This Interrogatory is objected to as being overly broad. Subject to said objection and

17   without waiving the same, *see* bodily injury photographs attached in response to Defendant's

18   Request for Production of Documents.

19   **SPECIAL INTERROGATORY NO. 2:**

20        Please state YOUR Social Security Number.

21   **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

22        Objection. A party's social security number is "clearly irrelevant to the subject matter of

23   the action." (*See Smith v. Superior Court of San Joaquin County* (1961) 89 Cal.App.2d 6, 9, 13.

24   Furthermore, this request violates Plaintiff's constitutionally protected right to privacy pursuant to

25   the California Constitution, Article I, Section 1.

26   **SPECIAL INTERROGATORY NO. 3:**

27        Please IDENTIFY, who, if anyone, is YOUR current primary care physician.

28   ///

**RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

Objection. This request seeks to discover Plaintiff's medical history and/or treatment which is completely unrelated to the subject incident, in violation of Plaintiff's constitutionally protected right to privacy pursuant to the California Constitution, Article I, Section 1. Without waiving, and subject to, the foregoing objections, Plaintiff responds as follows: Joseph C. Barbara, M.D., 7880 Wren Avenue, Suite C-133, Gilroy, CA 95020.

**SPECIAL INTERROGATORY NO. 4:**

Please IDENTIFY, all primary care physicians YOU have used in the last seven years.

**RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

Objection. This request seeks to discover Plaintiff's medical history and/or treatment which is completely unrelated to the subject incident, in violation of Plaintiff's constitutionally protected right to privacy pursuant to the California Constitution, Article I, Section 1. Without waiving, and subject to, the foregoing objections, Plaintiff responds as follows: Joseph C. Barbara, M.D., 7880 Wren Avenue, Suite C-133, Gilroy, CA 95020.

**SPECIAL INTERROGATORY NO. 5:**

Please provide the dates of and reasons for each application(s) for Social Security disability benefits.

**RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

Objection. This request is overly broad. Without waiving, and subject to, the foregoing objection, Plaintiff responds as follows: not applicable.

**SPECIAL INTERROGATORY NO. 6:**

If YOU have applied for Social Security disability benefits, please provide the date YOU were deemed disabled and the basis for the same.

**RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

Objection. This request is overly broad. Without waiving, and subject to, the foregoing objection, Plaintiff responds as follows: not applicable.

///

///

1  **SPECIAL INTERROGATORY NO. 7:**

2      Were ANY portions of the medical bills that YOU attribute to the INCIDENT

3  paid by Medi-Cal or Medicare?

4  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

5      No.

6  **SPECIAL INTERROGATORY NO. 8:**

7      Please provide all information pertaining to YOU that must by law be provided to the

8  Center for Medicare/Medicaid Services, including, but not limited to YOUR full name, your date

9  of birth, YOUR Social Security Number of Medicare health insurance claim.

10  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

11      Objection. This request is overly broad. Furthermore, a party's social security number is

12  "clearly irrelevant to the subject matter of the action." (*See Smith v. Superior Court of San Joaquin*

13  *County* (1961) 89 Cal.App.2d 6, 9, 13. This request also violates Plaintiff's constitutionally

14  protected right to privacy pursuant to the California Constitution, Article I, Section 1. Without

15  waiving, and subject to, the foregoing objections, Plaintiff responds as follows: Alicia Erika Avila,

16  June 23, 1968.

17  **SPECIAL INTERROGATORY NO. 9:**

18      If ANY portion of the medical bills that YOU attribute to the subject INCIDENT were paid

19  by Medi-Cal or Medicare, IDENTIFY each bill, with date of service and state the

20  amount that was paid by Medi-Cal or Medicare.

21  **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

22      Objection. This request is overly broad. Without waiving, and subject to, the foregoing

23  objection, Plaintiff responds as follows: not applicable.

24  **SPECIAL INTERROGATORY NO. 10.:**

25      For each bill that YOU identified in the preceding interrogatory, please state whether the

26  payment made by Medi-Cal or Medicare was accepted by the given healthcare provider as payment

27  in full.

28  ///

1    **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

2       Not applicable.

3    **SPECIAL INTERROGATORY NO. 11:**

4       Were ANY portions of the medical bills that YOU attribute to the subject INCIDENT paid

5    by a health insurance carrier?

6    **RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

7       No.

8    **SPECIAL INTERROGATORY NO. 12:**

9       If ANY portion of the medical bills that YOU attribute to the subject INCIDENT were paid

10    by a health insurance carrier IDENTIFY each bill with date of service and state the amount that

11    was paid by the given health insurance carrier.

12    **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

13       Not applicable.

14    **SPECIAL INTERROGATORY NO. 13:**

15       For each bill that was identified in the preceding interrogatory, please state whether the

16    payment made by the health insurance carrier was accepted by the healthcare provider as payment

17    in full.

18    **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

19       Not applicable.

20    **SPECIAL INTERROGATORY NO. 14:**

21       For each medical bill that YOU attribute to the subject incident, please itemize that amount

22    that YOUR healthcare provider was due after ANY adjustment, allowance, or ANY other type of

23    deduction was made under the contractual arrangement with YOUR healthcare provider, health

24    insurance carrier, Medi-Cal, and/or Medicare.  Please state with reference to YOUR medical

25    providers what amounts have been paid toward bills by YOU.

26    **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

27       Objection. This request is overly broad. Without waiving, and subject to, the foregoing

28    objection, Plaintiff responds as follows: The balance due at Regional Medical Center, 225 North

Jackson Avenue, San Jose, CA 95116, after an adjustment of $80.00 and a co-payment by Plaintiff of $320.00 is now $21,684.00.

**SPECIAL INTERROGATORY NO. 15:**

Please IDENTIFY all correspondence transmitted to and received from Medicare/Coordinator of Benefits Contractor/MSPRC.

**RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

No correspondence has been transmitted to or received from Medicare/Coordinator of Benefits Contractor/MSPRC.

**SPECIAL INTERROGATORY NO. 16:**

Please IDENTIFY ANY medical bills which are still outstanding that have not been paid.

**RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

**1)** Saint Louise Regional Hospital

9400 No Name Uno

Gilroy, CA 95020

$2,089.65

**2)** Central Valley Imaging

P.O. Box 39876

San Francisco, CA 94139

$490.00

**3)** Dr. Rodney Wong

763 Altos Oaks Drive, #1

Los Altos, CA 94024

*Pending final bill*

**4)** Regional Medical Center

225 North Jackson Avenue

San Jose, CA 95116

$21,684.00

///

5) Coastal Medical Group

   Daljeet Sagoo, D.O.

   221 East Hacienda Avenue, Suite A

   Campbell, CA 95008

   $17,910.54 (not final)

6) South Valley Imaging

   8359 Church Street

   Gilroy, CA 95020

   $5,576.00

7) Silver Creek Physical Therapy

   1395 1st Street, #100

   Gilroy, CA 95020

   $9,280.00

8) Coastal Medical Group

   Dr. Justin Lo

   2101 Forest Avenue, Suite #220a

   San Jose, CA 95128

   $1,700.00

9) Advanced SurgiCare

   2222 Lafayette Street

   Santa Clara, CA 95050

   $27,900.00

10) Coastal Medical Group

   Dr. Sandeep N. Gidvani

   221 East Hacienda Avenue, Suite A

   Campbell, CA 95008

   $2,075.00

///

**11)** Silicon Valley MRI & CT

Ravi K. Singh, M.D., Inc.

15405 Los Gatos Boulevard, Suite 104

Los Gatos, CA 95032

$3,556.00 (not final)

**12)** Vibrant Care Rehab

15251 National Avenue, Suite 203

Los Gatos, CA 95032

*Pending final bill*

**13)** Key Health Medical Solutions, Inc. – Accident Meds

30699 Russell Ranch Road, Suite 175

Westlake Village, CA 91362

$1,705.10

**SPECIAL INTERROGATORY NO. 17:**

Please IDENTIFY all medical providers that have provided treatment on the basis of a lien.

**RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

**1)**  Saint Louise Regional Hospital

9400 No Name Uno

Gilroy, CA 95020

**2)**  Central Valley Imaging

P.O. Box 39876

San Francisco, CA 94139

**3)**  Dr. Rodney Wong

763 Altos Oaks Drive, #1

Los Altos, CA 94024

**4)**  Regional Medical Center

225 North Jackson Avenue

San Jose, CA 95116

5) Coastal Medical Group

Daljeet Sagoo, D.O.

221 East Hacienda Avenue, Suite A

Campbell, CA 95008

6) South Valley Imaging

8359 Church Street

Gilroy, CA 95020

7) Silver Creek Physical Therapy

1395 1st Street, #100

Gilroy, CA 95020

8) Coastal Medical Group

Dr. Justin Lo

2101 Forest Avenue, Suite #220a

San Jose, CA 95128

9) Advanced SurgiCare

2222 Lafayette Street

Santa Clara, CA 95050

10) Coastal Medical Group

Dr. Sandeep N. Gidvani

221 East Hacienda Avenue, Suite A

Campbell, CA 95008

11) Silicon Valley MRI & CT

Ravi K. Singh, M.D., Inc.

15405 Los Gatos Boulevard, Suite 104

Los Gatos, CA 95032

12) Vibrant Care Rehab

15251 National Avenue, Suite 203

Los Gatos, CA 95032

1

    **13)** Key Health Medical Solutions, Inc. – Accident Meds

2

       30699 Russell Ranch Road, Suite 175

3

       Westlake Village, CA 91362

4

**SPECIAL INTERROGATORY NO. 18:**

5

    Please IDENTIFY, by health care provider and amount, all amounts of money YOU have

6

paid for treatment incurred for the claims YOU are making in the present lawsuit.

7

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

8

    Plaintiff paid $320.00 at Regional Medical Center, 225 North Jackson Avenue, San Jose,

9

CA 95116.

10

**SPECIAL INTERROGATORY NO. 19:**

11

    Please IDENTIFY, by health care provider and amount, all amounts of money YOU still

12

owe for treatment costs incurred for the claims YOU making in the present lawsuit.

13

**RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

14

    Defendant is referred to Plaintiff's Response to Special Interrogatory Number 16.

15

**SPECIAL INTERROGATORY NO. 20:**

16

    List all the names and addresses of all the pharmacies used in the last five (5) years.

17

**RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

18

    Walmart Pharmacy, 7150 Camino Arroyo, Gilroy, CA 95020; Walgreens, 770 1st Street,

19

Gilroy, CA 95020.

20

21

Dated: January 4, 2022.           THE SWANSON LAW GROUP

22

23

                    Benjamin D. Swanson, Esq.
                    Attorneys for Plaintiff

24

25

26

27

28

**VERIFICATION**

**STATE OF CALIFORNIA, COUNTY OF** SANTA CLARA

I have read the foregoing PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL INTERROGATORIES, SET ONE
and know its contents.

☐ **CHECK APPLICABLE PARAGRAPHS**

☒ I am a party to this action. The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am ☐ an Officer ☐ a partner
☐ a _____ of _____ ,
a party to this action, and am authorized to make this verification for and on its behalf, and I make this verification for that reason.
☐ I am informed and believe and on that ground allege that the matters stated in the foregoing document are true. ☐ The matters stated in the foregoing document are true of my own knowledge except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

☐ I am one of the attorneys for _____ ,
a party to this action. Such party is absent from the county of aforesaid where such attorneys have their offices, and I make this verification for and on behalf of that party for that reason. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

Executed on _____ , at GILROY _____ , California.
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

ALICIA ERIKA AVILA _____
TYPE OR PRINT NAME _____ SIGNATURE

**PROOF OF SERVICE**
1013a (3) CCP Revised 2004

**STATE OF CALIFORNIA, COUNTY OF** SANTA CLARA
I am employed in the county of _____ , State of California.
I am over the age of 18 and not a party to the within action; my business address is:

On _____ , I served the foregoing document described as

on _____ in this action
☐ by placing the true copies thereof enclosed in sealed envelopes addressed as stated on the attached mailing list:
☐ by placing ☐ the original ☐ a true copy thereof enclosed in sealed envelopes addressed as follows:

☐ **BY MAIL**
☐ *I deposited such envelope in the mail at _____ , California.
The envelope was mailed with postage thereon fully prepaid.
☐ As follows: I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at _____ California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.
Executed on _____ , at _____ , California.
☐ **(BY PERSONAL SERVICE)** I delivered such envelope by hand to the offices of the addressee.
Executed on _____ , at _____ , California.
☐ (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.
☐ (Federal) I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
TYPE OR PRINT NAME _____ SIGNATURE
*(BY MAIL SIGNATURE MUST BE OF PERSON DEPOSITING ENVELOPE IN MAIL SLOT, BOX, OR BAG)
**(FOR PERSONAL SERVICE SIGNATURE MUST BE THAT OF MESSENGER)

NONJC-015 (Rev. 01/01/2011)       **VERIFICATION/PROOF OF SERVICE**

AVILA, ALICIA
Doc ID: 694806de60ced4dc165f26e582d057c0e13fe7b0

**PROOF OF SERVICE**
[1013A (3) C.C.P.]
**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the county of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within entitled action. My business address is 31824 Village Center Road, G-Unit, Westlake Village, California 91361.

On **January 4, 2022**, I served the forgoing document described as **PLAINTIFF'S RESPONSE TO DEFENDANT'S SPECIAL INTERROGATORIES**, **SET ONE**, on the interested parties in this action by placing the original **true copies** thereof enclosed in a sealed envelope, addressed as follows:

*-SEE ATTACHED SERVICE LIST-*

I am "readily familiar" with this firm's practice of collecting and processing correspondence for mailing. I know that the correspondence is deposited with the U.S. Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices at Westlake Village, California.

\_\_\_\_    By Facsimile, I transmitted such document(s) from Westlake Village, California to the offices of the addressee(s).

 X    By Electronic Mail, I caused said document(s) to be transmitted to the email address(es) of the addressee(s) designated.

\_\_\_\_    By Mail, by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Westlake Village, California addressed as set forth above.

\_\_\_\_    By Overnight Delivery, I am "readily familiar" with the firm's practice of collection and processing correspondence for overnight delivery. Under that practice, it is delivered to an authorized courier by the express service to receive documents, in an envelope or package designated by the express service carrier with delivery fees paid.

\_\_\_\_    By Personal Service, I delivered such envelope(s) by hand to the office(s) of the addressee(s).

 X    (State) I declare under penalty of perjury, under the laws of the State of California that the foregoing is true and correct.

\_\_\_\_    (Federal) I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on **January 4, 2022**, at Westlake Village, California.

_____
Gabriela Aguilar

## SERVICE LIST

| | |
|---|---|
| Arthur J. Casey, Esq.<br>**Ford, Walker, Haggerty & Behar, LLP**<br>16450 Los Gatos Boulevard, Suite 110<br>Los Gatos, California 95032<br>Tel: 408-660-3102 / Fax: 408-660-3105<br>Email: acasey@fwhb.com<br>          mnery@fwhb.com<br>          larmanino@fwhb.com | **Attorney for Defendant(s):**<br>COSTCO WHOLESALE CORPORATION |